The facts are stated in the opinion per curiam of the court below, SMITH, P. J., and ALESSANDRONI, J., as follows:
The petition for the writ of alternative mandamus shows inter alia that Walter L. Swartley, Frank E. Gara, Frances Portman and Harry M. Straub were appointed *Page 610 
by the Mercantile Appraisers of the City and County of Philadelphia, under the provisions of the Act of April 9, 1929, P. L. 343, as amended by the Act of June 21, 1937, P. L. 1939. That they entered upon the performance of the duties of their respective appointments and have so continued to the present time.
That from the respective dates of their appointments to and including the period ending August 31, 1942, they, as employees of said Appraisers, were paid the compensation due them, for the services performed, by the Treasurer of the City of Philadelphia, out of mercantile and other taxes imposed by the Commonwealth.
That for the period beginning September 1, 1942, and ending September 15, 1942, notwithstanding the Auditor General's approval and certification of the payroll, the City Treasurer refused to pay said petitioners giving as his reason therefor the receipt of a written order of the Secretary of Revenue directing him "to withhold payment of the salaries of the forthcoming payroll due on September 15, 1942, of the 41 employees of the Mercantile Appraisers' Office of Philadelphia, whose names I have heretofore sent you."
That the Treasurer is not the agent (italics ours) for the Commonwealth of Pennsylvania for the collection of Mercantile taxes and that he is not subject to supervision and direction of the Secretary of Revenue, averring that since county treasurers of cities of the first class ceased to be agents
(italics ours) of the Commonwealth for the collection of mercantile license taxes etc. (Act of April 8, 1937, P. L. 256, Section I) the petitioners assert the Treasurer is the only person authorized by law to pay your petitioners their salaries, and that by virtue of the said Act, the Treasurer is not subject to supervision and direction of the Secretary of Revenue.
To the writ of mandamus, Edgar W. Baird, Jr., Treasurer for the City and County of Philadelphia filed an appearance de bene esse and a petition under the *Page 611 
Act of March 5, 1925, P. L. 23, 12 P. S. Sections 672-675 questioning the jurisdiction of the Court. The reasons assigned are (1) that this Court has no jurisdiction over the defendant or of the cause of action herein; (2) that unless the Secretary of Revenue and the Auditor General are joined as defendants, a peremptory writ of mandamus directed against the defendant would be vain and useless. In support of this contention, defendant cites several provisions of the Act of April 9, 1929, P. L. 343, known as the Fiscal Code and of the Act of April 8, 1937, P. L. 256.
That this court has jurisdiction over the named defendant, the County Treasurer, as such, in the discharge of official duties as a county officer, cannot be seriously questioned: Act of June 8, 1893, P. L. 345, as amended, 12 PS section 1911.
The duties with which we are concerned, however, involve the collection of license fee taxes, etc., due the Commonwealth, as well as the payment of salaries to clerks and employees engaged for the purpose, and as such the defendant is acting for the Auditor General and the Secretary of Revenue as prescribed by the statutes. Remedial action by mandamus must therefore be considered in the light of the nature of his duties and the character of his function. Thus if he is performing a duty, clearly one belonging to an administrative department of the Commonwealth (such as the collection of State taxes, etc.), he ceases to be subject to the jurisdiction of this court: Act of June 8, 1893, P. L. 345, supra.
This presents for our consideration the relief sought by the writ of alternative mandamus and the question of whether or not the writ is defective by reason of the non-joinder. For, our practice requires that all of the persons who have the duty to perform the act sought by the writ should be joined as defendants therein, even though the relief is not dependent upon their joint action: 11 Standard Pennsylvania Practice, Section 45. *Page 612 
Thus, to resolve the question so raised by the defendant, we must examine the relevant statutes to determine upon whom the duty to perform the acts herein prayed for must fall, if the petitioners will be found entitled to the relief sought. It is the contention of the defendant that since the Fiscal Code Provisions require that the Auditor General certify and approve the compensation of the petitioners and the Secretary of Revenue must then settle the County Treasurer's accounts, that the action of the Secretary of Revenue in directing him to withhold payment has indicated that payment to the petitioners will not be approved, and hence the two state officers named should be joined with him. Petitioners, on the contrary assert that the only interest of the Secretary of Revenue arises after payment has been made and the County Treasurer seeks to settle his account and therefore the said Secretary of Revenue has no power to control the payments in the first instance. Considering first the Auditor General alone, no purpose would be served by his joinder. Taking as true that which must be held to be admitted by defendant's petition, the Auditor General has already done all that he may or can do to effect the relief sought: he has certified the appointment of the petitioners by the Mercantile Appraisers; he has approved their compensation and has certified to the payroll the salaries sought to be recovered. These are the requirements of the Act of April 9, 1929, P. L. 343, as amended by the Act of June 21, 1937, P. L. 1939, 72 PS section 406.
That Act provides:
"The Auditor General shall appoint mercantile appraisers in all counties as provided by law.
The Auditor General shall also approve or disapprove all expense accounts of mercantile appraisers; or their clerks or assistants, and the number and compensation of clerks or other assistants appointed by mercantile appraisers to assist them in the performance of their duties. *Page 613 
The Auditor General shall, from time to time, certify to the Department of Revenue the names of mercantile appraisers appointed by him, the salaries or rates of salary payable to such appraisers, the number, names, and compensation of clerks or assistants approved by him for appointment by mercantile appraisers, and all expense accounts which he has approved."
Defendant apparently asserts that despite the foregoing provisions, which indicate that the control of payment of compensation to employees of the mercantile appraisers is vested exclusively in the Auditor General, the Secretary of Revenue has a sufficient control over the disbursements to make his joinder as a defendant essential. We have examined the sections of the Fiscal Code cited and find that the significant portions to sustain his contention are Sections 609 and 610,72 PS sections 609, 610. The first cited section designates mercantile appraisers as agents of the Commonwealth, and directs that they use forms of applications, etc., as prepared by the Department of Revenue. Section 610, as originally enacted, designated the County Treasurer as agent of the Commonwealth, inter alia, for the collection of mercantile license taxes and stipulated (d)
"The number and compensation of all clerks and other employees required to assist county Treasurers in performing their duties as agents of the Commonwealth for the collection of money shall be subject to the approval of the Department of Revenue, any other provision of any act of assembly to the contrary notwithstanding."
The first portion of Section 610 has been repealed by the provisions of the Act of April 8, 1937, P. L. 256, 16 PS Sections 1404-5 which eliminates the designation of the County Treasurer as "agent", but continues his duties and powers in all other respects: In re Hadley, 336 Pa. 100 (1939).
In our opinion, Section 610(d), quoted in extenso, supra, must be taken to refer to clerks and other employees *Page 614 
of the Mercantile Appraisers, as well as other licensing bureaus and agencies referred to in the body of the section. To reach a contra conclusion, as urged by the petitioner, and to regard the section as applicable only to employees of the County Treasurer, per se, is to take the section completely out of its context.
Petitioner asserts that if this section is construed to refer to the employees of the Mercantile Appraisers, it must be regarded as repealed by the Act of June 21, 1937, P. L. 1939,72 PS Section 406. Such repeal we do not find to follow as a necessary implication. The original Section 406 of the Fiscal Code was enacted simultaneously with Section 610(d) above set forth and hence they must be regarded together. The amendment of 406 by the Act of June 21, 1937, only affected that section to the extent of eliminating the power of the County Treasurer to act together with the Auditor General in appointing Mercantile Appraisers. The elimination did not change the original powers of the Auditor General nor did it necessarily affect the co-extensive power of the Department of Revenue as set forth in Section 610(d).
Similarly, the change of nomenclature, above resulting from the Act of April 8, 1937, P. L. 256, 16 PS Section 1464-5, does not remove the petitioners from the category of "clerks and other employees required to assist County Treasurers in performing their duties as agents." The change of designation, without a change of power, may affect the fees collectable by the County Treasurer: See Bachman's Appeal, 274 Pa. 420 (1922), but does not affect the functions and duties of the petitioners or the County Treasurer.
From the foregoing analysis of the Fiscal Code, it would appear that while the Auditor General is empowered to approve the number and compensation of clerks appointed by the Mercantile Appraisers, a power of approval of the number and compensation of such clerks is also vested in the Department of Revenue. Further, that the Auditor General is directed to "certify to the *Page 615 
Department of Revenue . . . the number, names, and compensation of clerks or assistants approved by him for appointment . . ." And the reason for requiring such certification apparently lies in the fact that their compensation is "subject to the approval of the Department of Revenue". Finally, that by Sections 901 and 902 of the Fiscal Code, Act of April 9, 1929, P. L. 343,72 PS Sections 901, 902, the County Treasurer must report to the Department of Revenue all moneys received by him for the Commonwealth and all disbursements therefrom, including compensation paid, and settle his account with the said Department of Revenue. Nothing short of an unreasonable construction would suggest that despite such supervising power the County Treasurer may disregard with impunity the direction of the Secretary of Revenue with regard to the disbursement of salaries. To suggest that the defendant disregard the notification he has received and settle with the Secretary of Revenue after making disbursement is to go in the face of the positive powers of the Department of Revenue as indicated in the section of the Fiscal Code above set forth.
In fine, although the Auditor General has approved the payments here sought, the Secretary of Revenue has directed that they be not paid. Such a conflict between the two state officers who share the power of control under the Fiscal Code, as amended, requires their joinder as parties defendant to this action so that the matter may be disposed of expeditiously and in one proceeding: Piccirilli v. Lewis and Snyder, 282 Pa. 328
(1924). In the absence of the joinder, the plaintiffs will in fact have no effective writ.
The case of Commonwealth v. Martin, 170 Pa. 118 (1895), cited by the plaintiffs, is wholly unrelated. If, as there, the obstructing parties acted without any statutory authority or control over the employees of the Mercantile Appraisers, the reference would be valid. But the Fiscal Code, as we understand it, does give the Secretary of Revenue such control and power and hence, *Page 616 
his notification to withhold payment to the plaintiffs, whatever be the reason therefor, cannot be disregarded.
 Final Order.
And now, to wit: this 5th day of February, 1943, upon consideration of the petition raising questions of law and argument thereon, the rule to dismiss the writ of alternative mandamus is made absolute, without prejudice, however, to the rights of the plaintiffs to proceed by joinder of proper and essential parties in the Court of Common Pleas of Dauphin County, Pennsylvania.
Plaintiffs appealed.
The facts and the law are fully stated in the opinion of President Judge SMITH and Judge ALESSANDRONI and upon that opinion the order of the court below will be affirmed.
Order affirmed at appellants' cost. *Page 617