## Powell *v.* Shepard, Appellant.

Argued March 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edward Friedman,* Deputy Attorney General, with him *Colbert C. McClain,* Special Counsel, and *Herbert B. Cohen,* Attorney General, for appellant.

*William T. Coleman, Jr.,* with him *Aaron M. Fine, Harry A. Kalish* and *Dilworth, Paxson, Kalish & Green,* for appellee.

OPINION BY MR. JUSTICE JONES, April 18, 1955:

This appeal brings up for review the order of the court below taking jurisdiction of a mandamus action involving the commissioner of records of the City of Philadelphia in his capacity as agent of the Secretary of Revenue of the Commonwealth for the collection of the State realty transfer tax.

The plaintiff filed her complaint in the court below in an effort to compel the commissioner of records of Philadelphia to accept for recording a deed without payment of the tax imposed by The Realty Transfer Tax Act of May 27, 1951, P.L. 1742, as amended, 72 PS §3283 et seq. For convenience, we shall hereinafter refer to the commissioner of records as the recorder of deeds whose functions the commissioner performs in Philadelphia.[1]

In the same complaint, the plaintiff also sought to compel the defendant's recording of the deed without payment of the stamp tax imposed by Philadelphia's realty transfer tax ordinance of December 9, 1952. With that phase of the proceeding, this appeal is not concerned.

An appearance, de bene esse, was entered by the Attorney General (and deputies), as counsel for the defendant, with a view to raising the question of the court's jurisdiction of the defendant in his capacity as an agent of the Secretary of Revenue of the Commonwealth for the collection of the State realty transfer tax. The city solicitor of Philadelphia also entered

---

[1] By section 3 (b) of the ordinance adopted on October 16, 1953, by Philadelphia City Council, under its Home Rule Charter powers, the commissioner of records is charged with the exercise and performance of all the powers and duties formerly exercised and performed by the recorder of deeds of the county, which office section 3 (a) of the ordinance abolished.

an appearance as attorney for defendant in his capacity as collector of the Philadelphia realty transfer tax.

The Attorney General filed preliminary objections raising the question of jurisdiction, setting forth that the defendant is the agent of the Secretary of Revenue of the Commonwealth for the collection of the State realty transfer tax, that, since the Department of Revenue is charged by The Realty Transfer Tax Act of 1951 with the enforcement of the provisions of that Act, the Secretary of Revenue is a necessary and indispensable party to the proceeding, and that, consequently, the court of common pleas of Dauphin County is vested with exclusive jurisdiction of that phase of the complaint: Pa. R.C.P. 1092 (c) (1). The learned court below dismissed the Attorney General's preliminary objections, holding in effect that it had jurisdiction of the proceeding in all its phases. This appeal by the defendant followed.

In dismissing the preliminary objections, the court relied heavily upon the reasoning and conclusions of the court of common pleas of Fayette County in a case factually similar to the present (*Warish v. McGee,* 84 D. & C. 356) where it was held that, inasmuch as clause (2) of Pa. R.C.P. 1092(c) vests jurisdiction to compel performance of a public duty in the court of common pleas of the county where the officer, against whom the action is directed, is located, the plaintiff would be without a remedy if the interest on the part of the Secretary of Revenue operates to oust such local jurisdiction. Accordingly, the court held that the only indispensable party defendant to an action of mandamus to compel the performance of a public duty is the officer upon whom the duty sought to be enforced is imposed by law,—in this instance the local recorder of deeds because of the duties imposed on recorders

generally by the Act of July 18, 1941, P.L. 421, 21 PS §325.1.

Obviously, the learned court below viewed the proceeding solely as an effort to compel the recorder's performance of his duty in the premises *qua* recorder of deeds. Such approach to the problem plainly overlooks the significant fact that the defendant, in addition to being the recorder of deeds, is also the agent of the Secretary of Revenue of the Commonwealth for the collection of the State realty transfer tax which must be paid before a deed may be recorded.

The Realty Transfer Tax Act of 1951, which imposes the State tax on documents of transfer, including deeds, expressly charges the Department of Revenue with the duty of enforcing the provisions of the Act and, to that end, empowers the department to adopt and promulgate rules and regulations. The department is required to prescribe, prepare and furnish stamps of such denominations and quantities as may be necessary for the payment of the tax imposed by the Act and is further authorized to appoint recorders of deeds as agents in accordance with the provisions of the Fiscal Code of 1929, as amended, for the sale of stamps to be used in paying the tax and to allow a commission to such agents of one per cent of the face value of the stamps. The Act subjects to penal sanctions any recorder of deeds who shall record any document upon which tax is imposed by the Act without the requisite documentary stamps affixed thereto. By section 206 of the Administrative Code of 1929, P.L. 177, as amended, 71 PS §66, the Secretary of Revenue is constituted the head of the Department of Revenue.

It is not open to question that the recorder of deeds acts as *the agent* of the Secretary of Revenue for the collection of the State tax on deeds imposed by The

Realty Transfer Act of 1951. In *Swartley v. Baird,* 347 Pa. 608, 32 A. 2d 874, where the underlying principle was directly involved, it was held that a county officer who serves for the collection of a State tax acts as *the agent* of the State official charged with the duty of collecting such tax. That case was concerned with an attempt to mandamus the treasurer of Philadelphia County in respect of his collections of State mercantile license fees. The defendant appeared specially to question the jurisdiction of the court, contending that in collecting such fees and paying clerks therefrom he was acting as the agent of both the Secretary of Revenue and the Auditor General. The learned court below, upon whose opinion we affirmed, *per curiam,* pertinently recognized "That this court has jurisdiction over the named defendant, the County Treasurer, as such, in the discharge of official duties as a county officer, cannot be seriously questioned . . ." and then noted that "The duties with which we are concerned, however, involve the collection of license fee taxes, etc., due the Commonwealth, as well as the payment of salaries to clerks and employees engaged for the purpose, and as such the defendant is acting for the Auditor General and the Secretary of Revenue as prescribed by the statutes." Such being the case, "Remedial action by mandamus must therefore be considered in the light of the nature of his duties and the character of his function. Thus if he is performing a duty, clearly one belonging to an administrative department of the Commonwealth (such as the collection of State taxes, etc.), he ceases to be subject to the jurisdiction of this court: Act of June 8, 1893, P.L. 345, supra."

In *Commonwealth ex rel. Duff v. Huston,* 361 Pa. 1, 4, 61 A. 2d 831, Mr. Justice PATTERSON, speaking for this court, said,—"Since *Philadelphia v. Martin,* 125 Pa. 583, 17 A. 507, whenever the question has arisen

this Court has consistently held that a county officer, acting for the Commonwealth in the collection of its revenues, does not act in his capacity as a public officer, but as an agent or employe of the Commonwealth performing distinct and separate functions." Stated negatively, when a county officer collects taxes for the State, he is not acting in his capacity as a county official; otherwise, he could not constitutionally retain the commissions paid for such services: see *Luzerne County v. Morgan,* 263 Pa. 458, 461, 107 A. 17, where we held that the retention by a county official of fees received by him as agent for collecting taxes due the Commonwealth did not violate Article XIV, Section 5, of our State Constitution, Chief Justice BROWN noting that "There are, however, no words in that instrument prohibiting the legislature from appointing, as the suitable agent of the Commonwealth for the collection of revenues due it, and paying him for his services, one who, for the time being, may be a county officer, but who, as the agent of the Commonwealth, will render service to it alone, separate and distinct from any duty imposed upon him as a county official." Nor does the designation by the legislature of a county officer as agent for the collection of taxes or fees due the Commonwealth violate Article III, Section 13, of the Constitution which prohibits the increase or diminution of the emoluments of a public officer after his election or appointment: *Hadley's Case,* 336 Pa. 100, 105, 6 A. 2d 874.

Since the defendant is merely the agent of the Secretary of Revenue for the collection of the State realty transfer tax, it follows that the Secretary is an indispensable party to the instant proceeding. The same situation was both present and appropriately dealt with in *Swartley v. Baird,* supra, where it was said,— "This presents for our consideration the relief sought

by the writ of alternative mandamus and the question of whether or not the writ is defective by reason of the non-joinder [of the Auditor General and the Secretary of Revenue]. For, our practice requires that all of the persons who have the duty to perform the act sought by the writ should be joined as defendants therein, even though the relief is not dependent upon their joint action: 11 Standard Pennsylvania Practice, Section 45." After pointing out that the plaintiffs would not have an effective writ without the joinder, the court made absolute the defendant's rule to dismiss the writ. The absence of indispensable parties "goes absolutely to the jurisdiction, and without their presence the court can grant no relief": *Hartley v. Langkamp and Elder*, 243 Pa. 550, 556, 90 A. 402. See, also, *Fineman v. Cutler*, 273 Pa. 189, 193, 116 A. 819, where the *Langkamp* case was approvingly quoted from at length on the point that the absence of an indispensable party goes to the jurisdiction of the court. And, a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights: *Hartley v. Langkamp and Elder*, supra. If, as a result of the mandamus proceeding, the court should direct the defendant to record the plaintiff's deed without the requisite State stamps attached, the rights of the Secretary of Revenue would manifestly be impaired. He is, therefore, an indispensable party and exclusive jurisdiction of the action is consequently in the court of common pleas of Dauphin County. Such was the conclusion which we affirmed in the case of *Swartley v. Baird*, supra.

Prior to the adoption of our Rules of Civil Procedure, jurisdiction of actions against State officers was exclusively in the court of common pleas of Dauphin County by virtue of the Act of May 26, 1931, P.L. 191,

12 PS §105. That Act was suspended by Pa. R.C.P. 1457 upon the promulgation of the supervening Rule 1092, relating to mandamus, which provides in presently material part,—"(c) An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in (1) Dauphin County when the action is against an officer, department, board, commission or instrumentality of the Commonwealth . . . ."

The court below quoted from the opinion in *Warish v. McGee,* supra, to the effect that, since a court of common pleas has exclusive jurisdiction over the official acts of the recorder of deeds of the respective county (Pa. R.C.P. 1092 (c) (2)), if, by reason of the interest of the Department of Revenue, such jurisdiction could not be exercised, the plaintiff would be without a remedy. That conclusion is a patent non sequitur. The plaintiff has had and continues to have a right to proceed by mandamus in the court of common pleas of Philadelphia County against the defendant in his capacity as agent for the collection of the Philadelphia realty transfer tax. It is only as to her complaint against the defendant in his capacity as agent of the Secretary of Revenue that she needs proceed in the court of common pleas of Dauphin County after joining the Secretary as a party. She still has her right of action in that connection but no just cause for complaint merely because she must go to Dauphin County to enforce it. In surrendering its immunity from suit, the Commonwealth is free to fix the terms and conditions as to where, as well as when, it or officers acting for it may be sued.

The appellee's motion to quash the appeal is denied.

The order of the court below is reversed and the

complaint dismissed as to the defendant in his capacity as agent of the Secretary of Revenue of the Commonwealth for the collection of the State realty transfer tax; costs to be paid by the appellee.