## Higley, Admr., v. Shepard, Appellant.

Argued March 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edward Friedman,* Deputy Attorney General, with him *Colbert C. McClain,* Special Counsel, and *Herbert B. Cohen,* Attorney General, for appellant.

*Blair N. Reiley, Jr.,* with him *Emanuel E. Farbman* and *Marvin J. Cohen,* for appellee.

OPINION BY MR. JUSTICE JONES, April 18, 1955:

The facts material to this appeal are not distinguishable from those in *Powell v. Shepard,* 381 Pa. 405 (handed down this day), where we held that exclusive jurisdiction of the action relating to the defendant in his capacity as agent of the Secretary of Revenue of the Commonwealth for the collection of the State realty transfer tax was in the court of common pleas of Dauphin County.

The one factual difference between the two cases is not presently pertinent. In the *Powell* case the grantee of the deed, there offered for recording, is a private individual whereas the grantee of the deed in the instant case is the "Administrator of Veterans' Affairs, an Officer of the United States", acting solely in his official capacity. Wherefore, the Administrator, as plaintiff, alleges in his complaint that the Pennsylvania documentary tax, if applied to the deed which he desires to have recorded, will constitute an unconstitutional impost or burden by the State on a Federal instrumentality. That question, of course, goes to the merit of the complaint and is, therefore, not now before us. The only question with which this appeal is concerned is as to the jurisdiction of the court below to entertain the complaint insofar as it relates to the defendant in his capacity as an agent of the Secretary of Revenue of the Commonwealth.

The reasons given in our opinion in the *Powell* case for our action are equally applicable here and, consequently, a similar order will be entered.

416

The order of the court below is reversed and the complaint dismissed as to the defendant in his capacity as agent of the Secretary of Revenue of the Commonwealth for the collection of the State realty transfer tax; costs to be paid by the appellee.