## Commonwealth v. Yanock

*Gleason, Cherry & Cherry,* for plaintiff.
*Baird & McCamley,* for defendant.

PENTZ, P. J., August 6, 1962.—This matter comes before the court on preliminary objections in the nature of a demurrer to new matter set up in defendants' answer to the complaint of the Department of Public Assistance of the Commonwealth of Pennsylvania, the plaintiff.

The Department of Public Assistance, under the provisions of The Support Law of June 24, 1937, P. L. 2045, sec. 2015, 62 PS §1971 et seq., as amended, paid to Margaret J. Yanock, wife of Michael J. Yanock, for support of herself and two children, from February 13, 1956, to September 29, 1959, the sum of $1,813.10; and under the provisions of The Support Law of 1937, supra, sec. 2 thereof, 62 PS §1974, as amended, seeks to recover said amount from Michael J. Yanock, the husband, and father of the two children for whom the Department of Public Assistance furnished support in the amount stated, and during the times set forth.

The complaint was later amended, eliminating the claim for the support of the wife, Margaret J. Yanock, but claiming the same amount advanced during the same period of time for the support of the two children.

Michael J. Yanock answered the complaint, averring that he has no knowledge of the amount advanced for the support of the two children, or to the wife, and that such payments, if made, were made without his knowledge or consent, and that he is not liable over to the Department of Public Assistance for either support of his wife or for the two children; admitting, however, that he and Margaret J. Yanock, his wife, are the owners by entireties, of certain real property situate in Morris Township, Clearfield County, Pennsylvania.

In further answer thereto, defendant avers an order was made in the Quarter Sessions Court of the County of Clearfield, on December 14, 1955, directing Michael J. Yanock to pay, through the Probation Office of the County of Clearfield, the sum of $100 per month for the support of the two children; support for Margaret J. Yanock, the wife, not being allowed.

In this answer, the Department of Public Assistance filed preliminary objections in the nature of a demurrer. The Department of Public Assistance insists the proceeding under the provisions of The Support Law of 1937, as amended, 62 PS §1971 et seq., gives to the Department of Public Assistance, under section 4 of the said Support Law, 19 PS §1974, the right to recover whatever amounts have been advanced by the Department of Public Assistance for the support and maintenance of dependents of defendant; and that the Department of Public Assistance is not bound to consider support orders made by the courts in proceedings before the court of quarter sessions under the Act of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733, as amended September 26, 1951, P. L. 1949, and July 3, 1957, P. L. 457, commonly known as the Desertion and Nonsupport Law, under The Penal Code.

The Support Law of June 24, 1937, P. L. 2045, 62 PS §1971 et seq., provides much the same remedies for the obtaining of support for wives and children, as set forth in the Desertion and Nonsupport Act contained in The Penal Code of 1939, 18 PS §4733.

The Support Law of 1937 provides for the collection of support advanced by a public institution, from the person liable for the support of the individual aided by the Department of Public Assistance.

In a case heretofore determined in Clearfield County, Department of Public Assistance v. Blaine Holes, to no. 166, November term 1957, in the Court of Common Pleas of Clearfield County, it is pointed out that these

two acts are in pari materia, and are to be construed in accordance with section 62 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §562. In Swartley v. Harris, 351 Pa. 116, the Supreme Court stated that all statutes pari materia, that is, relating to the same subject, shall be construed concurrently when possible, stating, on page 119, as follows:

"The language of a statute must be read in a sense which harmonizes with the subject matter and its general purpose and object. The general design and purpose of the law is to be kept in view and the statute given a fair and reasonable construction with a view to effecting its purpose and object, even if it be necessary, in so doing, to restrict somewhat the force of subsidiary provisions that otherwise would conflict with the paramount intent: 25 R.C.L. sec. 253, page 1013: Pocono Manor Association, et al. v. Allen, et al. 337 Pa. 442, 12 A. 2d 32 . . ."

The same conflict was considered in Commonwealth v. Price, 72 D. & C. 106, in an action in Allegheny County, in a case almost on all fours with the instant case, except that in the Commonwealth v. Price case, the wife had been divorced and the support order was made for two children who remained in the custody of their mother, under The Penal Code of 1939, 18 PS §4733. The Department of Public Assistance had advanced moneys to the mother of the two children, under The Support Law of 1937, 62 PS §1975 et seq. The Department of Public Assistance then brought suit, as in the case at bar, under the provisions of section 4 of The Support Law, 62 PS §1974, as amended.

Judge Montgomery, now of the Superior Court of Pennsylvania, in delivering the opinion of the Court of Common Pleas of Allegheny County, said as follows:

"The primary question presented here is whether or not the order of the county court, which was complied

with by defendant, is a complete defense to the claim of the Commonwealth. We are of the opinion that it is and that judgment must be entered in defendant's favor. Defendant's obligation to his children was fully adjudicated. Such proceedings under section 733 of the Criminal Code of June 24, 1939, P. L. 872, 18 PS §4733, are for the sole purpose of securing an allowance for the support of defendant's family, having in view his ability to pay and conditions under which the family lived. See Commonwealth ex rel. Binney v. Binney, 146 Pa. Superior Ct. 374, and Commonwealth v. Shankel, 144 Pa. Superior Ct. 476. To permit plaintiff to recover in this action would be in fact changing the adjudication by the county court in that proceeding without notice to defendant or to the court.

"We find no justification for such action in the Support Law upon which plaintiff relies. If the Department of Public Assistance was dissatisfied with the amount of the order in county court, it could have made itself a party to those proceedings and questioned the propriety of the order. Such authority to sue for money owing to a ward is found in section 5 of the Assistance Act of June 24, 1937, P. L. 2045, 62 PS §1975, its supplements and amendments."

As pointed out in Commonwealth v. Price, supra, it is again reiterated in Commonwealth ex rel. Simmler v. Simmler, 134 Pa. Superior Ct. 339, and Commonwealth ex rel. Lazarou v. Lazarou, 180 Pa. Superior Ct. 342, that the Desertion and Nonsupport Law contained in The Penal Code of 1939, 18 PS §4733, is not intended to punish a defendant for his conduct or misconduct, but is to secure support for the wife and children, or both, in keeping with the financial status and income of defendant. The Support Law of 1937 does no more than this.

The record does not show the facts in respect to the order of court made December 14, 1955, in the Court

of Quarter Sessions of Clearfield County, to no. 24, February sessions, 1956, as referred to in the new matter filed by defendant, Michael J. Yanock.

However, these facts will not be in dispute and will be stated and incorporated herein as though stipulated and made a part of the record. To sustain the preliminary objection would only delay the matter until a stipulation of the following facts could be made and placed of record, which are as follows:

The order was made December 14, 1955, as aforesaid, for the payment of $100 per month for support of the two children. No support was allowed for the wife. The order further provides that the wife and the two children are to occupy the home owned by Margaret J. Yanock and defendant, as tenants by the entireties; defendant to pay all taxes thereon and insurance, together with the premiums on life insurance for the children.

The records of the probation officer indicate the sum of $100 per month was paid, beginning December 14, 1955, and continued up to and including December 28, 1961.

It is to be noted that in obeying this order, Michael J. Yanock paid for the support of the two children, during the time in which the Department of Public Assistance advanced $1,813.10, the sum of $4,350, and has paid from the time the order was made until the end of 1961, $7,200, plus the taxes and fire insurance on the dwelling house in which the wife, Margaret J. Yanock, and the two children resided, without any cost or expense; the $100 paid by defendant being a net payment and not required for rent or maintenance of any dwelling house.

Plaintiff cites the opinion of Judge Palmer, of Schuylkill County, in an action by the Department of Public Assistance against Michael Edward Kelly, to no. 501, July term, 1957, in the Court of Common Pleas

of Schuylkill County, not reported. In this case, an order of support was made by the court of quarter sessions, under the Desertion and Nonsupport Law of 1939, but defendant never paid the order. The Department of Public Assistance advanced substantial sums to the wife and children, and sought to recover that amount from real or other property owned by Kelly under the provisions of The Support Law of 1937, 62 PS §1971 et seq. Judge Palmer allowed the Department of Public Assistance to recover because Kelly had not paid the order made by the quarter sessions court.

In the instant case, the support order was paid. In addition to the support, a home in which to live was provided without expense, so that, as noted above, the $100 per month was net for the clothing, food and medical expenses of these two children. As pointed out in Commonwealth v. Price, supra, a little investigation on the part of the Department of Public Assistance would have indicated that there was adequate support for the children, and the refusal of support to the wife was justified by the fact the wife had lost her right to support by her husband.

For the foregoing reasons, the preliminary objections are overruled.

### Order

Now, August 6, 1962, preliminary objections in the nature of a demurrer, are dismissed.