**Dorney Park Coaster Co. v. Stoudt & Son**

*E. Keller Kline, 3rd,* and *Kline & Kline,* for plaintiff.

*Howard S. Epstein,* and *Efron & Black,* for defendant.

WIEAND, J., March 10, 1970.—Presently before the court for determination are preliminary objections filed by defendant, H. E. Stoudt & Son, Inc., to a complaint in equity filed by Dorney Park Coaster Co., Inc. The complaint alleges that plaintiff is the owner of a triangular shaped tract of land situated at the northwest corner of the intersection of State Highway Route No. 222 and Main Street, in the Village of Dorneyville, South Whitehall Township. On or about May 15, 1968, defendant, which is not identified other than as a Pennsylvania corporation, constructed and installed a 36-inch, cement drainage pipe and catch basin "along the north side of State Highway Route No. 222, in front of plaintiff's land." This construction, it is alleged, is five or six feet above the shoulder of route no. 222 and from three to four feet above the elevation of plaintiff's land, as a result of which an "insurmountable barrier" has been created along the south side of plaintiff's land.

A second cause relates to the drainage. Prior to the construction, plaintiff had constructed two drainage pipes in a northeasterly direction from the then existing catch basin on route no. 222 to a culvert located on Main Street. The new construction, it is alleged, has resulted in a greater flow of storm water in and through plaintiff's drainage pipes. In what manner plaintiff has been injured by this increased flow of water does not appear.

Plaintiff seeks to have defendant ordered to remove the drainage pipe and catch basin or, in the alternative, lower its elevation. It also seeks an order enjoining defendant from diverting water into the drainage pipes which plaintiff had erected.

The complaint contains no averment of the ownership of the land on which the construction was performed. We are unable to ascertain from the averments of the complaint whether the land on which the catch basin and drainage pipe were installed was owned by plaintiff, defendant or a third person. It may also be that the drainage structures were within the right-of-way lines of the State highway. Thus it cannot be ascertained whether plaintiff is alleging a direct trespass to its land or whether its claim is based on negligent performance of construction work on the land of another. Defendant's preliminary objections, endorsed with notice to plead and not answered by plaintiff,* allege that defendant was the contractor engaged by an adjoining landowner to build a shopping center according to plans and specifications prepared by the neighboring landowner's engineer. The implication, if not the express averments, of the pleadings filed would seem to be that the construction

---

*An answer filed by plaintiff was withdrawn at argument for the express purpose of admitting the averments of fact contained in defendant's preliminary objections.

performed by defendant was calculated to carry surface waters from the shopping center into the drainage system of State Highway Route No. 222.

Defendant's preliminary objections seek a more specific complaint. We believe that plaintiff's cause of action against defendant contractor can and should be stated with greater particularity.

Defendant also argues that plaintiff has failed to join an indispensable party and urges that such failure requires the striking of the complaint. In Hartley v. Langkamp & Elder, 243 Pa. 550, at pages 555 and 556, the court directed its attention to the matter of indispensable parties and said:

" 'A party is indispensable when he has such an interest that a final decree cannot be made without affecting it, or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience. That is to say his presence as a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights. The rule as to indispensable parties is neither technical nor one of convenience; it goes absolutely to the jurisdiction, and without their presence the court can grant no relief.' " See also Powell v. Shepard, 381 Pa. 405.

In Bear Creek Realty Co., Inc. v. Badgett Mine Stripping Corp., 7 D. & C. 2d 49, a complaint in equity was filed against a construction company in an effort to enjoin it from depositing silt in a lake owned by plaintiffs. The construction company was working under a contract with the Pennsylvania Turnpike Commission and pursuant to its plans. Finding that an injunction would either prevent or delay the construction of the turnpike, the court held that the Turnpike Commission was an indispensable party.

In the instant complaint, plaintiff seeks to have the contractor return to the site of his previous work and either remove the drainage pipes and catch basin or lower the elevation thereof. Such changes will undoubtedly affect the drainage of the adjoining land where the construction of the shopping center took place, and may even subject the contractor to litigation at the instance of the owner of the shopping center. An order restraining the absent contractor from diverting surface waters, without adjudicating the rights of the owner of the land being drained, would create an impossible situation. It seems clear, therefore, that the owner of the land on which the shopping center was constructed and which is the source of the offending drainage is an indispensable party to this action.

On the face of the pleadings before us, it is impossible to determine whether a decree in this case will have an adverse effect on the existing drainage system of State Highway Route No. 222. It must be apparent, however, that a court cannot grant relief which will alter the drainage structures within the highway right-of-way lines unless the Commonwealth of Pennsylvania is also a party.

### ORDER

And now, March 10, 1970, it is ordered that defendant's preliminary objections in the nature of a motion for a more specific pleading and in the nature of a motion to strike for failure to join an indispensable party be and the same are hereby sustained, and plaintiff's complaint in equity is stricken; provided, however, that plaintiff shall have the right to file an amended complaint which is consistent with the foregoing opinion within 20 days after service of a copy of this order upon its counsel.