**Commonwealth v. Cochran**

552

*Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth.

*David Cochran,* p.p.

DIGGINS, J., April 22, 1970.—A prisoner, confined in the State Correctional Institution at Pittsburgh, Pa., filed a "Petition for Medical Valuation and Satisfactory Treatment," which petition avers that petitioner has a medical condition which requires his esophagus to be dilated weekly and alleging that before coming to the Pittsburgh facility, he was led to believe he could receive the same medical attention as had been the practice at the Graduate Hospital, administered by Dr. Athins and Dr. Lell, of the medical staff there, and that after being transferred to Pittsburgh, he is not receiving the treatment, and further avers that the treatment he does receive is not satisfactory medically, physically or psychologically, and further avers that he had made his condition known to the authorities at the institution and to the Bureau of Correction, Camp Hill, Pa., but has had no favorable cooperation or response medically or otherwise, and asks this court to authorize that he receive the same treatment as he received at the

Graduate Hospital and as was directed by the medical staff at the State Correctional Institution at Philadelphia.

Whatever technical form might be ascribable to this petition and request, the record in the case is sufficient to determine the merits of this proceeding and no hearing is necessary.

Whatever relief this petitioner is seeking is based on his contention that he has a condition that requires a certain medical treatment and technique which he says he was formerly receiving when confined in Philadelphia and that since going to Pittsburgh, he is no longer being given this treatment. He says he has reported this condition to the authorities in Pittsburgh and also at Camp Hill.

We are of the opinion that the petition must be dismissed without writ of any kind for lack of jurisdiction. Obviously, the prisoner-petitioner is complaining about his care while in custody of the State Correctional Institution at Pittsburgh. Admittedly, the State is responsible for the proper care of prisoners in its custody and if this were a county prison, such a petition might properly be addressed to this court, but being a State institution, it may not be.

The Administrative Code of April 9, 1929, P. L. 177, secs. 2303(a) and 2304(b), 71 PS §§593, 594, conferred upon the Department of Welfare of the Commonwealth of Pennsylvania responsibility for the care and treatment of inmates in the State prisons, but this code was amended by the Act of July 23, 1953, P. L. 1428, sec. 911, 71 PS §301, which provides that the Department of Justice shall have the power and duty to supervise and control the State penitentiaries, etc., (section 912), through a Bureau of Correction in charge of a Commissioner of Correction appointed by the Attorney General with the approval of the Governor, which Commissioner of Cor-

rection appoints, among others, the professional personnel required for the proper administration of the panel and correctional institution within the jurisdiction of the Department of Justice.

Therefore, it would seem that the subject matter complained of by petitioner was formerly in the hands of the Department of Welfare, now in the hands of the Bureau of Correction under the Department of Justice, and that being the case, this court would be without jurisdiction, because the Venue Act of May 26, 1931, P. L. 191, sec. 2, 12 PS §105, provides:

"All actions at law or in equity by which it shall be sought to compel a State officer to perform or to restrain him from performing any official act in the execution of the laws of the Commonwealth shall be instituted in the court of common pleas of Dauphin County, and, for such purpose, jurisdiction of all such actions is hereby conferred upon that court."

This act was affected by Rule 1092(c) of the Pennsylvania Rules of Civil Procedure relating to mandamus which provides: "An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in (1) Dauphin County when the action is against an officer, department, board, commission or instrumentality of the Commonwealth; . . ." and the Venue Act, supra, section 104, defines the term "State officer" to mean the head of any administrative department or chief executive officer of any administrative board or commission in the Commonwealth which we think would include Joseph R. Brierley, Superintendent of the State Correctional Institution at Pittsburgh.

The Supreme Court of Pennsylvania, in the case of Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261 (1955),

interpreted the Venue Act and the rules in the following language:

"Prior to the adoption of our Rules of Civil Procedure, jurisdiction of actions against State officers was exclusively in the court of common pleas of Dauphin County by virtue of the Act of May 26, 1931, P. L. 191, 12 PS 105. That Act was suspended by Pa. R.C.P. 1457 upon the promulgation of the supervening Rule 1092, relating to mandamus, which provides in presently material part, — '(c) An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in (1) Dauphin County when the action is against an officer, department, board, commission or instrumentality of the Commonwealth. . . .'"

It would, therefore, seem apparent that this court is without jurisdiction to determine the subject matter of the petition, and we, therefore, make the following

### ORDER

And now, to wit, April 22, 1970, the petition of David Cochran for "Medical Valuation and Satisfactory Treatment" be and the same is hereby dismissed for lack of jurisdiction.