## Commonwealth ex rel. Mamuzich v. Department of Welfare

*Peter Mamuzich,* p.p.

ROWLEY, J., May 27, 1970.—Plaintiff, Peter Mamuzich, is presently confined in the Beaver County Jail awaiting trial on charges of burglary, larceny,

receiving stolen goods, and illegal possession of drugs. He has filed a document entitled "Litigation In Tort by Lawsuit at Equity." * An examination of the four-page handwritten document indicates that, prior to his arrest and confinement, plaintiff was receiving public assistance checks from the Pennsylvania Department of Welfare. He alleges that the department has discontinued his assistance checks as a result of his arrest on the above-mentioned charges. It is also averred that he was not given any hearing prior to the department's decision to discontinue his assistance checks. He is seeking an order against the department directing that his checks be delivered to him and that payments be continued until an evidentiary hearing is held and good cause for discontinuance is shown.

Pa. R.C.P. 1092(c)(1) provides:

"(c) An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in

"(1) Dauphin County, when the action is against an officer, department, board, commission or instrumentality of the Commonwealth;"

It is clear from an examination of the document filed by plaintiff that his action is against a "Department" of the Commonwealth of Pennsylvania. Moreover, it is clear that he is seeking to compel performance by the Secretary of Welfare of an alleged duty to make public assistance payments to plaintiff. Therefore, the proper venue in this case is in Dauphin County and this court may not entertain plaintiff's suit. In Powell v. Shepard, 381 Pa. 405 (1955), the

---

* This document was erroneously filed by plaintiff in the office of the clerk of courts but was subsequently transferred by the clerk to the office of the prothonotary.

Supreme Court held that the Court of Common Pleas of Philadelphia County could not entertain a suit against the Recorder of Deeds of Philadelphia County acting "in his capacity as an agent of the Secretary of Revenue of the Commonwealth." The court held that rule 1092(c)(1) required that the action be brought in Dauphin County. In Commonwealth ex rel. Gainer v. Myers, 51 Berks 107 (1958) the court held that a prisoner's claim for recomputation of his sentence and allowance of credit could only be heard in Dauphin County in a proceeding against the Pennsylvania Board of Parole. In Walden v. Brown, Secretary of Welfare, 83 D. & C. 407 (1952), the Court of Common Pleas of Montgomery County held that plaintiff's suit against the Secretary of Welfare to remedy alleged abuses of petitioner in a State penitentiary must be brought in Dauphin County.

The Commonwealth, in consenting to be sued, has imposed certain limitations on such suits. One of the limitations imposed in this situation is that the suit be filed and heard in Dauphin County, the seat of the State government. Even if plaintiff is entitled to the remedy he seeks, only the Dauphin County court can afford him that remedy. It is beyond the power of this court to do so.

For these reasons, we make the following

## ORDER

Now, May 27, 1970, it is ordered that plaintiff's document entitled "Litigation In Tort by Lawsuit at Equity" be filed in the office of the prothonotary without the payment of costs. It is further ordered and directed that plaintiff's action be and the same hereby is dismissed without prejudice. It is further directed that the prothonotary send a copy of this order and opinion to plaintiff.