## Luviner v. Price

*Charles G. Nistico*, for plaintiffs.

*William D. March*, for defendants.

deFURIA, J., August 3, 1972.—Plaintiffs, Luviner, as buyers, bring this assumpsit action against defendants Holstein, owners, as sellers, of a certain vacant

lot and their real estate agent Price for breach of contract for the sale of land. The sellers of the land are residents of the State of New Jersey. Previously, preliminary objections were filed by Holstein raising a question of jurisdiction and lack of service. The parties entered into a stipulation and thereafter an order was signed dismissing the action as to defendants Holstein. Defendant Price, the agent for the sellers, had been properly served. He has filed a motion for judgment on the pleadings, contending that the sellers are indispensable parties to this litigation.

The complaint alleges that plaintiffs entered into an agreement to buy a vacant lot in Clifton Heights, Pa., for a total price of $3,700. Plaintiffs paid $700 down. The agreement was contingent upon buyers' obtaining a building permit to erect a one-story ranch home thereon. The complaint alleges plaintiffs were unable to obtain the permit and, contrary to the terms of the written contract, the agent Price forwarded the $700 deposit to his principals, the other defendants. This suit is to recover the $700 deposit.

Where a missing person is an indispensable party, the action cannot be prosecuted in his absence and the court must enter judgment against plaintiff because of the defect: 2 Anderson Pa. Civ. Prac. §1017, 69. Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants: Pennsylvania Rule of Civil Procedure 2227 (a). A party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such right: Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261 (1955).

Were this action simply to recover the deposit, naming the agent as stakeholder, there would be thrust to defendant's argument. However, the com-

plaint alleges a breach of separate duty by the agent to plaintiffs, to wit, the delivery of the deposit to the owners of the real property in violation of the contract.

Goodrich-Amram Civil Practice, §2227 (a)-1 states:

"Sub-division (a) provides that persons having only a 'joint interest' in the 'subject matter of an action' must be joined on the same side as plaintiffs or defendants. This is an illustration of 'substantive' joinder since the requirement of joinder is predicated not upon some administrative benefit to be gained by joinder but upon the unity and identity of the interests of the co-owners who are to be joined. Therefore the rule applies only when the right or liability of the parties is solely joint."

It is apparent that the owners of the real property are not indispensable parties to this litigation.

We make the following

## ORDER

And now, to wit, August 3, 1972, defendants' motion for judgment on the pleadings is denied.