## Bonding of County Treasurers

KANE, Attorney General, YAKOWICZ, Solicitor General, and DeLUCA, Deputy Attorney General, November 10, 1976 — We have received a request from you for an opinion concerning certain matters relating to the bonding of county treasurers. Specifically, you have asked whether county treasurers must obtain a separate bond for the handling of hunting and fishing licenses. It is our opinion, and you are hereby advised, that county treasurers need not obtain a separate bond for the handling of hunting and fishing licenses.

First, with regard to the question of whether county treasurers must obtain a bond specifically for the handling of hunting licenses, The Game Law of June 3, 1937, P.L. 1225, as amended, 34 P.S. §1311.305, provides:

"The issuance of all hunting licenses shall be under the direct supervision of the commission, which shall designate the several county treasurers and such other issuing agents throughout the Commonwealth or otherwise as it may find essential . . . ."

Therefore, county treasurers are agents of the Commonwealth for the collection of hunting license fees.*

---

*There is an exception for treasurers of counties of the first class. The Act of April 8, 1937, P.L. 256, 16 P.S. § 7414, provides that:

"County treasurers in counties of the first class, from and after the effective date of this act shall cease to be agents of the Commonwealth, any other provision of any act of Assembly to the contrary notwithstanding. . . for fishing licenses, hunters' licenses, and all other taxes or fees payable to the Commonwealth which it is now their duty to collect."

However, the effect of this act, insofar as it relates to the bonding procedures of county treasurers, is negligible. The act also provides that county treasurers shall collect such funds, including hunting and fishing license applications, as was their previous duty. The courts are in accord: Swartley v.

The Game Law also provides for the bonding of issuing agents.

"Every agent designated to issue hunters' licenses, unless already under bond to cover the handling of public funds, shall give bond to the Commonwealth in such sum as shall be fixed by the commission, but not less than three thousand dollars ($3,000.00) . . . ." 34 P.S. §1311.311.

Therefore, unless already bonded to cover the handling of public funds, an issuing agent of the Game Commission must obtain a bond specifically to handle hunting licenses. However, The County Code of August 9, 1955, P. L. 323, 16 P. S. § 802, does provide for the bonding of county treasurers:

"Each county treasurer shall, before entering upon the duties of his office, give bond with sufficient security. . . for the faithful discharge of all duties enjoined upon him by law in behalf of the Commonwealth, and for the payment according to law of all moneys received by him for the use of the Commonwealth. . . . "

While the above section of The County Code covers only third through eighth class counties, there are similar provisions concerning counties of the second class and second class A: Act of July 28, 1953, P. L. 732, 16 P. S. § 3802, and counties of the first class: Act of April 15, 1834, P.L. 537, 16 P.S. § 7407.

Any county treasurer bonded under the aforementioned provisions need not purchase a separate bond to cover the handling of hunting

Baird, 347 Pa. 608, 614, 32 A.2d 874, 876 (1943). Aside from not being agents of the Commonwealth, the treasurers in counties of the first class perform in the same manner as other county treasurers regarding the manner of the issuance of hunting and fishing licenses.

licenses. The Game Law exempts those individuals already bonded to cover the handling of public funds. The various county codes provide that the county treasurers shall give bond for the faithful discharge of *all* duties enjoined upon them by the Commonwealth. Therefore, the bond provided for in the various county codes is legally sufficient to cover the county treasurers for the issuance of hunting licenses.

The second question is whether county treasurers must obtain a separate bond for handling fishing licenses. The Fish Commission has designated county treasurers as issuing agents for fishing licenses. Section 225 of The Fish Law of 1959, Act of December 15, 1959, P.L. 1779, as amended, 30 P.S. §225, provides that every issuing agent of the Commission shall be bonded for the issuance of fishing licenses. However, The Fish Law of 1959 has no provision, as does The Game Law, which exempts those issuing agents, who are otherwise bonded, from posting bond. It, therefore, might appear that The Fish Law of 1959 requires county treasurers to post a separate bond in order to issue fishing licenses. That is not the case, however.

As previously stated, the various county codes provide that a county treasurer shall post bond for, "the faithful discharge of *all* duties enjoined upon him by law in behalf of the Commonwealth, and for the payment, according to law, of all moneys received by him for the use of the Commonwealth." 16 P.S. §§802, 3802 and 7407. (Emphasis supplied.)

The issuing of fishing licenses and the collection of fees is a duty enjoined upon county treasurers by law in behalf of the Commonwealth. Section 225 of The Fish Law of 1959 permits the Fish Commis-

sion to appoint issuing agents for fishing licenses. The various county codes specifically state that county treasurers are to post only one bond for the performance of *all* their duties for the Commonwealth. Therefore, a county treasurer need not post a separate bond in order to issue fishing licenses.

In conclusion, it is our opinion, and you are hereby advised, that county treasurers need not post a separate bond for the issuance of hunting and fishing licenses. The bonding requirement which exists in the various county codes, and is the responsibility of the counties, is sufficient.

In accordance with section 512 of The Administrative code of April 9, 1929, P.L. 177, as amended, 71 P.S. § 192, this opinion has been submitted to the Department of the Auditor General and the Treasury Department for their response, and approval.