Felix Abramovich, individually and t/a Abrams Storage Company, Petitioner *v.* Pennsylvania Liquor Control Board and W. W. Anderson, Deputy Attorney General of the Commonwealth of Pennsylvania, Respondents.

Argued March 10, 1977, before Judges CRUMLISH. JR., KRAMER and ROGERS, sitting as a panel of three.

*Robert G. Sable,* with him *Lampl & Sable,* for petitioner.

*Kenneth W. Makowski,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for respondents.

OPINION BY JUDGE KRAMER, August 4, 1977:

This involves a petition for review filed by Felix Abramovich individually, and trading as Abrams Storage Company (Abramovich), in response to an adverse arbitration adjudication of a dispute under a contract formed with the Pennsylvania Liquor Control Board (P.L.C.B.). The P.L.C.B. has raised a preliminary objection based upon sovereign immunity, which challenges this Court's jurisdiction to review the adjudication at this time.[1]

Abramovich entered into a contract with the P.L.C.B. for the storage, handling, and transportation

---

[1] Initially it should be noted that there exist two procedural problems with the preliminary objections at issue. As stated in the recent Pennsylvania Supreme Court decision in *Freach v. Commonwealth,*     Pa.     , 370 A.2d 1163 (1977), immunity from suit is

of liquor and supplies for the P.L.C.B.'s Northwestern Pennsylvania Distribution Center. Shortly after the contract was formed, a dispute arose over a request by Abramovich that adjustments be made to the contract to reflect increased labor costs.

Provision 41 of the contract provides the following arbitration provision for the settlement of disputes:

41. Disputes—Any dispute or controversy arising under this contract that is not disposed of by the parties within fifteen (15) days shall be referred to the Commonwealth Attorney General who shall, after hearing, make an adjudication within fifteen (15) days. Any court review of such adjudication shall be in appellate review, based on the record limited to pleadings, exhibits and testimony produced and considered before the Commonwealth Attorney General.

Pursuant to this provision, Deputy Attorney General, W. W. Anderson (Anderson) conducted a hearing on the dispute on April 8, 1976. An adjudication which was adverse to Abramovich was rendered on May 6, 1976, and supplemented on June 21, 1976. Abramovich subsequently filed the petition now at issue.

As is apparent from the language under provision 41 of the contract, though an arbitration procedure is provided for, no mention is made of the statute

---

an affirmative defense which is properly raised under the heading "New Matter" in a responsive pleading; it is not properly raised by preliminary objections. See Pa. R.C.P. 1030. Moreover, this petition was brought under Section 403 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, as amended, 17 P.S. §211.403(a)(2). Preliminary objections are not available to a Section 403 appeal. Because we conclude that this Court lacks jurisdiction in this matter, however, it is appropriate that we decide this issue regardless of procedural defects.

which is to govern the steps to be taken in the procedure.[2] The Pennsylvania Supreme Court, however, stated in *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 427, 336 A.2d 609, 615 (1975), "that if a contract between the Commonwealth and another contains an arbitration provision but refers to neither statute,[3] the Act of 1927 will normally apply, since it operates to allow either party to assert claims against each other, and is not limited as to the amount in controversy." Under this reasoning, we conclude from the record that the Act of 1927 must govern the steps of the arbitration procedure under provision 41 of the contract.

Examining the Act of 1927, we find that it provides that appeals from arbitration adjudications are to be brought in "the court having jurisdiction."[4] This term is expressly defined under Section 18 of the Act, 5 P.S. §178, as "the common pleas courts of the county having jurisdiction of the parties or the subject matter." Therefore, as the dispute at issue does not involve a public employer and employe, the reasoning of this Court's decision in *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 17 Pa. Commonwealth Ct. 231, 331 A.2d 921 (1975), implicitly indicates that the proper forum to entertain review of

---

[2] There are three statutes which may possibly govern an arbitration dispute in such instances:

(a) The Act of 1811, Act of March 30, 1811, P.L. 145, 72 P.S. §405 (now Section 1003 of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §1003).

(b) The Act of 1927, Act of April 25, 1927, P.L. 381, *as amended*, 5 P.S. §161 et seq.

(c) The Act of 1937, Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-1 et seq.

[3] The two statutes being compared were the Act of 1927 and the Act of 1937, *id.* note 2.

[4] Section 9 of the Act of 1927, 5 P.S. §169.

this adjudication is the court of common pleas.[5]

Abramovich, however, argues that Section 401(a) (1) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.401(a)(2), supersedes the jurisdiction provided under the Act of 1927, and requires that where the Commonwealth is a party to an arbitration adjudication, review of such an adjudication is transferred to the Commonwealth Court. Section 401 (a)(1) provides:

>  (a)  The Commonwealth Court shall have original jurisdiction of:
>  (1)  All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity, except (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court, and (ii) proceedings under the Eminent Domain Code; . . . .

This argument is without merit.

As previously indicated in note 1, *supra*, the petition at issue was brought by Abramovich under Section 403 of the Appellate Court Jurisdiction Act of 1970.[6] This section is concerned with direct appeals to this Court from administrative agency decisions. Section 401(a)(1) of the Appellate Court Jurisdiction Act is concerned only with original causes of action in this Court. In this regard Section 401 cannot ex-

---

[5] It should be noted that new Pennsylvania Rule of Appellate Procedure 703, July 7, 1976, provides for review of disputes between a public employer (other than the Commonwealth) and employe in the courts of common pleas.

[6] Though not essential to the resolution of this case, it should be noted that the petition at issue is not properly within the scope of Section 403. The petition emanates from an arbitrator's adjudication. Section 403 nowhere provides for an appeal to this Court from such a decision.

pand upon this Court's jurisdiction under Section 403. Therefore, the Section 401(a)(1) argument raised by Abramovich is inapplicable to a discussion of this Court's jurisdiction in this case.

In conclusion, the express language of the Act of 1927 provides jurisdiction for review of the arbitrators' adjudication at issue in the court of common pleas. This jurisdiction has not been specifically superseded by the Appellate Court Jurisdiction Act of 1970.[7] Therefore, this Court lacks jurisdiction over this matter at this time.[8] In light of this, we will transfer this case to the Court of Common Pleas of Dauphin County, Pennsylvania.

ORDER

AND Now, this 4th day of August, 1977, as this Court is without jurisdiction to review the matter at issue, pursuant to Section 403(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503(b), this case is transferred to the Court of Common Pleas of Dauphin County.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Dauphin County a photocopy of the docket entries in this Court of the above matter and transmit to him the record thereof.

---

[7] Section 508 of the Appellate Court Jurisdiction Act, 17 P.S. §211.508.

[8] We note that such a result is also otherwise reconciled with the Appellate Court Jurisdiction Act in that exclusive appellate jurisdiction is conferred in this Court from orders of common pleas courts "to which the Commonwealth or any officer thereof . . . is a party." Section 402 of the Act, 17 P.S. §211.402. This provision would be unnecessary if jurisdiction was conferred in the Commonwealth Court in all instances where the Commonwealth or one of its officers is a party to an action.