The County of Allegheny et al., Plaintiffs *v.* Department of Public Welfare of the Commonwealth of Pennsylvania et al., Defendants.

Argued March 8, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Alexander J. Jaffurs,* County Solicitor, with him *Robert S. Barker,* Assistant County Solicitor, and *Loraine S. Tabakin,* Assistant County Solicitor, for plaintiff.

*Margaret Hunting,* Deputy Attorney General, with her *Norman J. Watkins,* Deputy Attorney General, *Jack G. Handler,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE KRAMER, August 4, 1977:

This is an action in mandamus commenced by the County of Allegheny and numerous associations and individuals (Plaintiffs) and which seeks an order compelling the Department of Public Welfare (Department) to reimburse the County for all expenditures made for the interim care of mentally retarded persons who have been accepted by, and are awaiting admission to, a State facility. The case is presently before us on the Plaintiffs' motion for Judgment on the Pleadings.

Under the provisions of the Mental Health and Retardation Act of 1966 (Act),[1] the Commonwealth and the counties participate on a cooperative basis in the effort to provide adequate facilities and services for all persons suffering from mental deficiencies or disorders. One aspect of this cooperative effort involves the provision of interim care of mentally retarded persons who have been removed from their homes and accepted for admission to a State facility, pending an available opening in such a facility. Section 301(d)(8)[2] of the Act imposes upon the counties the duty to assure the availability of interim care. Section 507(a)(4)[3] of the Act imposes upon the Commonwealth the duty to pay for such interim care. The present controversy arises out of the disagreement between the parties as to the extent of the Commonwealth's duty to pay for interim care under Section 507. The Plaintiffs contend that the Commonwealth must provide 100 percent reimbursement to the counties and seek such reimbursement for fiscal years 1969-70 to the present and continuing thenceforth. The Department contends that it is obligated to reimburse only at rates determined in accordance with a reasonable formula established at the Department's discretion.

Numerous issues have been briefed and argued by the parties. Unfortunately, the present posture of the case does not permit us to rule on the Plaintiffs' motion for Judgment on the Pleadings at this time.

The Department has alleged in its answer, under the heading of "New Matter," that this Court lacks jurisdiction over the case because of the Plaintiffs' failure to join, as defendants, the Auditor General

---

[1] Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended*, 50 P.S. §4101 et seq.

[2] 50 P.S. §4301(d)(8).

[3] 50 P.S. §4507(a)(4).

and the Treasurer of the Commonwealth, who are alleged to be indispensable parties.

Although granted by the law side of the court, mandamus is essentially equitable in nature, requiring the application of equitable principles to guide the court in granting relief by way of this extraordinary writ. *Francis v. Corleto,* 418 Pa. 417, 429, 211 A.2d 503, 509 (1965); *Pittenger v. Union Area School Board,* 24 Pa. Commonwealth Ct. 442, 446, 356 A.2d 866, 868 (1976). Under the equity practice, the nonjoinder of an indispensable party is a jurisdictional defect, and without such a party's presence the court can grant no relief. *Fineman v. Cutler,* 273 Pa. 189, 116 A. 819 (1922); *Hartley v. Langkamp and Elder,* 243 Pa. 550, 90 A. 402 (1914). This is likewise true in an action in mandamus. *Powell v. Shepard,* 381 Pa. 405, 412, 113 A.2d 261, 264-65 (1955). We do not believe, however, that the Auditor General or the Treasurer is an indispensable party to this action.

A party is indispensable where his rights are so connected with the claims of the litigants that no order or decree can be made between the litigants without impairing such rights. *Powell v. Shepard, supra. See also Swartley v. Baird,* 347 Pa. 608, 32 A.2d 874 (1943). We do not believe that any order formulated by this Court in accordance with the governing law would impair the rights or interfere with the performance of the duties of either the Auditor General or the Treasurer. If these officers remained as nonparties to this action, they would not be bound by any order we may issue and would remain entirely free to exercise those rights and powers and perform those duties conferred upon them by law.[4] Thus, we con-

---

[4] The nature of these duties, rights, and powers can be found at Section 37 of the Act of May 25, 1921, P.L. 1144, *as amended,* 71 P.S. §1497 and Sections 1501 to 1505 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1501-1505.

clude that the Auditor General and the Treasurer are not indispensable parties and their non-joinder does not divest this Court of jurisdiction.

The conclusion, however, that their joinder is not required to confer jurisdiction upon the Court does not mean that such joinder is not otherwise necessary. This is because equity recognizes another class of parties whose presence, while not indispensable, is essential if the court is to completely resolve the controversy before it and render complete relief. These are often referred to as necessary parties. 8 Standard Pennsylvania Practice, Equity, §47. We believe this concept is likewise applicable to an action in mandamus, for one test of the appropriateness of mandamus as a remedy is whether the action will settle the entire controversy presented to the court. *Lakeland Joint School District Authority v. Scott Township School District*, 414 Pa. 451, 458-59, 200 A.2d 748, 752 (1964).

In the present case, Plaintiffs seek an order compelling the Department to pay Allegheny County amounts alleged to be owing for present expenditures for interim care and for amounts alleged to have accrued from previous years. In order for the County to actually receive such monies, they must be disbursed by the State Treasurer upon warrant of the Auditor General, issued upon the requisition of the Secretary of the Department. Unless the former two officers are joined in this action, each may in turn act so as to frustrate the County's attempt to collect pursuant to any writ that we may issue. A multiplicity of suits would ensue. In mandamus, as in equity, such a result is to be avoided.

In mandamus cases similar to the present case, but where the question was whether certain parties were *properly* joined, the language of the courts strongly indicates that had these parties not been joined, their

joinder would have been necessary. In *Commonwealth ex rel. Bell v. Powell,* 249 Pa. 144, 151, 94 A. 746, 748 (1915), the Court stated:

> That the auditor general and the state treasurer were under the circumstances properly joined as defendants cannot be seriously questioned. The purpose is to compel the performance of an official duty which requires successive but interdependent action by the two officers. Unless they are joined, the relator will have no effective writ. The principle which authorizes such joinder is thoroughly justified. . . .[5]

And in *Labette Conty Commissioners v. United States ex rel. Moulton,* 112 U.S. 217, 224-25 (1884), the Court stated:

> The relator is entitled to an effective writ, and he can have it only on the terms of joining in its commands all those whose cooperation is by law required, even though it be by separate and successive steps, in the performance of those official duties, which is necessary to secure to him his legal right. Otherwise the whole proceeding is liable to be rendered nugatory and abortive. . . . [I]f the relator was compelled to obtain a separate mandamus against such person charged with the performance of a single service, the very delay and break in the continuity of the process might be, by the terms of the law itself, a sufficient answer to each succeeding writ; and if it were not, it would prolong the proceeding to such indefinite length as to deprive the writ of the very character of a remedy.

---

[5] *Accord, Piccirilli Bros. v. Lewis,* 282 Pa. 328, 335, 127 A.2d 832, 834 (1925).

It is our conclusion that the legal presence of the Auditor General and the Treasurer before this Court is essential to the proper and complete resolution of this entire controversy by way of a writ of mandamus, should we determine that the Plaintiffs are entitled to relief. Pursuant to Pa. R.C.P. No. 2232(c)[6] we will order that such joinder be accomplished and will stay further proceedings until such has been done.

## ORDER

AND Now, this 4th day of August, 1977, it is hereby ordered that all proceedings in the above-captioned matter be stayed, pending the amendment by the Plaintiffs of their complaint, within thirty (30) days of the date of this order, to include as defendants, the Auditor General and the Treasurer of the Commonwealth of Pennsylvania; if the Plaintiffs fail to comply with this order within thirty (30) days of the date hereof, the above-captioned matter shall be dismissed.

---

[6] Rule 2232(c) provides:

(c) At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such persons has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensable party to the action.