Robert M. Burchfield, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Robert Scanlon, Secretary, Respondents.

Heard March 1, 1979, by Judge BLATT.

*Arthur A. Kusic,* with him *Kusic & Lappas,* for plaintiff.

*Michael H. Small,* for defendant.

MEMORANDUM OPINION BY JUDGE BLATT, March 5, 1979:

We have before us a motion for a preliminary injunction filed by the petitioner Richard Burchfield, who has been employed as a Vocational Education Advisor in the Department of Education (Department). He asks us to enjoin the Department from terminating his employment until the conclusion of grievance proceedings initiated by him pursuant to a collective bargaining agreement.[1]

The equity jurisdiction of this Court is to be found in traditional concepts of equity jurisdiction. *Pennsylvania Human Relations Commission v. U. S. Steel Corp.,* 10 Pa. Commonwealth Ct. 408, 311 A.2d 170 (1973). We are therefore precluded from exercising such jurisdiction in the form of injunctive relief if we find that an adequate remedy exists at law. *Flaherty v. School Directors of Eastern School District,* 17 Pa. Commonwealth Ct. 637, 334 A.2d 310 (1975).

In the present case, the petitioner is a member of a union which has entered into a Collective Bargaining Agreement with the Commonwealth. This agreement sets forth a grievance procedure to be followed when a dispute or grievance arises concerning the ap-

---

[1] The petitioner is a member of the Federation of State Cultural and Educational Professionals which has entered into a Collective Bargaining Agreement with the Commonwealth of Pennsylvania effective November 2, 1978 to January 1, 1981.

plication, meaning or interpretation of the agreement, and the petitioner concedes that under such agreement he could be awarded reinstatement with retroactive pay and benefits if his grievance is sustained. He contends, however, that the damage to his reputation will be irreparable if the Department is allowed to terminate his services prior to the final determination of his status under the Collective Bargaining Agreement. It is our belief that loss of reputation as a result of a job termination is comparable to other obvious effects of the termination of one's services such as difficulty in immediately obtaining other employment or various other difficulties such as insufficiency of savings, all of which have been held by the United States Supreme Court to be "external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself [so that therefore they] will not support a finding of irreparable injury, however severely they may affect a particular individual." *Sampson v. Murray*, 415 U.S. 61, 90, n.68 (1974).

Furthermore, the policy of favoring arbitration as embodied in the Public Employe Relations Act,[2] has been specifically recognized by our Supreme Court in *Philadelphia Board of Education v. Philadelphia Federation of Teachers Local No. 3*, 464 Pa. 92, 346 A.2d 35 (1975).[3] To enjoin the administrative action in every case of a dismissal, demotion or disciplinary action would not only contravene this policy but, by granting an injunction in a case such as this, we would be reading into the Collective Bargaining Agreement a provision requiring the maintenance of

---

[2] Act of July 23, 1970, P.L. 563, 43 P.S. §1101.903.

[3] The United States Supreme Court has also adopted a presumption that all issues which are even arguably arbitrable should be resolved by the arbitrator rather than the court. *See United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83.

the status quo pending the resolution of the dispute. We are not prepared to impose such a burden on a party who has not contracted for it. *See Transit Union, Division 1384 v. Greyhound Lines, Inc.*, 550 F. 2d 1237 (9th Cir. 1977).

Having concluded that the petitioner has an adequate remedy under the Collective Bargaining Agreement and in light of the strong public policy favoring the pursuit of remedies under such agreement, the request for a preliminary injunction is denied.

ORDER

AND Now, this 5th day of March, 1979, upon consideration of the Petition for Preliminary Injunction, and after hearing testimony and argument thereon, the preliminary injunction requested is hereby denied.