Association of Pennsylvania State College and University Faculties, Petitioner *v.* Commonwealth of Pennsylvania and Caryl M. Kline, Secretary of Education of the Commonwealth of Pennsylvania, Respondents.

Argued March 7, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE and MACPHAIL. Judges CRUMLISH, JR. and CRAIG did not participate.

*Jerome H. Gerber,* with him *Elliot A. Strokoff, James L. Cowden,* and *Handler and Gerber,* for petitioner.

*David H. Allshouse,* Deputy Attorney General, with him *Norman J. Watkins,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE BOWMAN, July 12, 1979:

Before the Court at this time for disposition are preliminary objections raised by the respondent Commonwealth and Secretary of Education to an amended motion to confirm arbitration award filed by the Association of Pennsylvania State College and University Faculties (APSCUF). This statutory proceeding to be initiated by a motion is taken pursuant to Section 9 of the Act of April 25, 1927 (Act), P.L. 381, *as amended,* 5 P.S. §169, which states:

> At any time within one year after the award is made any party to the arbitration may apply to the court having jurisdiction for an order confirming the award, and thereupon the court shall grant such an order unless the award is vacated, modified or corrected as prescribed in the next two sections. . . .

The arbitration award sought to be confirmed directs ''that a general salary increase in the amount of 4.5% shall be given to all employees in the instant two bargaining units represented by APSCUF, to be made retroactively effective with the beginning of the pay period including August 31, 1977.'' The Com-

monwealth did not appeal the award but also did not pay the salary increase for the period from September 1, 1977 through June 30, 1978, although it has compensated the faculty members at the higher salaries since the latter date.

One preliminary objection[1] raised by the Commonwealth questions the jurisdiction of the Court to entertain this motion to confirm. Respondents would have us conclude that *no* forum exists wherein APSCUF could obtain confirmation of the award. To produce such a remarkable result respondents point to countervailing statutory provisions: Section 18 of the Act, 5 P.S. §178, conferring upon common pleas courts jurisdiction over causes brought pursuant to the Act, and the exclusive jurisdiction of the Commonwealth Court over causes brought against the Commonwealth or its officers as otherwise prescribed by statutory law. Thus, respondents contend that since the creation of this Court, no forum exists to hear a motion to confirm an arbitration award to which the Commonwealth is a party.

Respondents misconceive the problem. The issue is not the want of a forum to entertain such a motion but rather, under the ostensibly conflicting statutory law, the choice of forum, *i.e.*, whether this Court or a common pleas court enjoys such jurisdiction. We conclude that this Court enjoys exclusive jurisdiction over the cause at hand.

---

[1] There is little correlation between the issues raised in the preliminary objections and the issues discussed in the Commonwealth's brief. Inasmuch as the Commonwealth in its brief indicates that some of the preliminary objections are withdrawn to the extent that they aver that the proper forum for this action is the Pennsylvania Labor Relations Board in the context of an unfair labor practice charge and others are withdrawn as premature, we shall discuss only the question of jurisdiction and the demurrer. The additional issues raised in the Commonwealth's brief shall be disregarded.

At the time this dispute arose, the Appellate Court Jurisdiction Act of 1970 (ACJA),[2] established the jurisdiction of the Commonwealth Court as to causes brought against the Commonwealth. Section 401(a) of the ACJA, *formerly* 17 P.S. §211.401(a), provided: "The Commonwealth Court shall have original jurisdiction of: (1) All civil actions or proceedings against the Commonwealth. . . ." Although the provisions of the Act as to the forum in which proceedings are to be initiated were not specifically repealed by the ACJA, its inconsistent provisions repealer (Section 509(f), *formerly* 17 P.S. §211.509(f)) and the application of 1 Pa. C.S. §1936 (directing that the latest of irreconcilable statutes enacted by different General Assemblies shall prevail) permit no other result.

Our conclusion that a motion to confirm is a statutorily created cause of action within our original jurisdiction when the Commonwealth is the respondent is not novel. We previously confirmed an arbitration award in *Pennsylvania Turnpike Commission v. Litton RCS, Inc.*, 20 Pa. Commonwealth Ct. 577, 342 A. 2d 108 (1975). *Abramovich v. Pennsylvania Liquor Control Board* (hereinafter *Abramovich*), 31 Pa. Commonwealth Ct. 373, 376 A.2d 293 (1977), relied upon heavily by the Commonwealth, does not mandate a contrary conclusion as to the proper forum or the type of jurisdiction to be invoked. *Abramovich* arrived in this Court in an appellate posture, *i.e.*, in the form of a petition for review of an arbitration award, rather than as an original jurisdiction action. This distinction, also noted in *Abramovich*, is significant since the language parallel to that of Section 401(a) of the ACJA quoted above is not found in Section 403 of that legislation.

---

[2] Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.101 et seq., repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1443].

In light of this analysis, the Commonwealth's preliminary objection raising a question of jurisdiction shall be overruled.

The remaining preliminary objection is one in the nature of a demurrer to petitioner's amended motion. Our Supreme Court has said of demurrers in *Gekas v. Shapp*, 469 Pa. 1, 5-6, 364 A.2d 691, 693 (1976):

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer. (Citations omitted.)

It is not upon a flaw evident on the face of the complaint that the Commonwealth advocates dismissal. Rather, the Commonwealth makes additional averments of facts in its preliminary objection which it contends render the motion to confirm defective. Even were we to take judicial notice of the statutes upon which the Commonwealth relies, we could not say with certainty that the law prevents the judicial action the petitioner seeks. We shall, therefore, overrule this preliminary objection also.

### Order

Now, July 12, 1979, the preliminary objections of the Commonwealth are overruled and the Commonwealth is directed to file an answer to the amended motion to confirm arbitration award within thirty (30) days of the date of this Order.