Action Coalition of Elders, a Pennsylvania nonprofit corporation, The Committee To Improve Kane Hospital, a Pennsylvania unincorporated association et al. *v.* Allegheny County Institution District et al., Appellants.

Argued May 8, 1979, before President Judge Bow-man and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and MacPhail. Judges DiSalle and Craig did not participate.

E. J. Strassburger, Assistant Solicitor, with him Alexander J. Jaffurs, County Solicitor, for appellants.

Dennis Revak, with him Paul H. Titus and Titus and Marcus, for appellees.

Opinion by President Judge Bowman, July 20, 1979:

Although the procedural background of the instant case has been rather complex, the issue presently be-

fore us on appeal is a narrow one: Is the Department of Public Welfare of the Commonwealth of Pennsylvania (DPW), joined as third-party respondent below, an indispensable party to these proceedings or is DPW a necessary party? We have concluded that DPW is a necessary party and shall, therefore, affirm the lower court.

This litigation was commenced on May 13, 1977, when appellee, Action Coalition of Elders, a nonprofit corporation organized to advance the interests of the aged, filed, as a class action,[1] a petition for declaratory judgment in the Court of Common Pleas of Allegheny County. Named as a respondent was appellant herein, Allegheny County Institution District (Institution District). Petitioners seek a determination of the statutory duty of the Institution District under Section 401 of the County Institution District Law, Act of June 24, 1937, P.L. 2017, *as amended*, 62 P.S. §2301, to provide skilled nursing and intermediate institutional care to those residents of Allegheny County receiving medical assistance and certified by DPW as in need of such care but not receiving it. The Institution District filed an answer raising questions of law. On June 30, 1977, appellees filed an amended petition for declaratory judgment and supplemental relief.[2] In its second answer raising questions of law the Institution District raised, *inter alia*, the objection that Section 11 of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P.L. 840, *as amended, formerly* 12 P.S. §841, required ''all persons shall be

---

[1] The Committee to Improve Kane Hospital and three individuals, all residents of Allegheny County and certified by DPW as eligible for medical assistance in a skilled nursing facility, were also included as petitioners.

[2] On July 15, 1977, a motion for preliminary injunction was also filed by petitioners, which action was subsequently severed by the Court from this declaratory judgment action. The equity action was settled and discontinued in December, 1977.

made parties who have or claim any interest which would be affected by the declaration. . . ." Thereafter, the Institution District filed a petition adding third-party respondents requesting that Frank S. Beal, Secretary of the Department of Public Welfare, and numerous private nursing care facilities be joined in the suit.[3]

Following a series of procedural maneuvers not relevant to our consideration of the issue here, the lower court entered an order on March 30, 1978, disposing of various outstanding objections and motions. Appealed to this Court under Section 1 of the Act of March 5, 1925, P.L. 23, *as amended*, 12 P.S. §672, was the lower court's holding that DPW was a necessary, rather than indispensable, party. This issue is jurisdictional because if DPW is an indispensable party respondent, then exclusive original jurisdiction of this proceeding arguably lies in this Court and not in the court of common pleas.[4]

---

[3] The Institution District subsequently voluntarily withdrew its request to join the nursing home respondents. The order here appealed from granted the petition of the Institution District to amend the caption of the proceedings to substitute DPW for the third-party respondent originally sought to be joined, Frank S. Beal, as Secretary of the Department of Public Welfare of the Commonwealth of Pennsylvania.

[4] Both the Uniform Declaratory Judgments Act, *formerly* 12 P.S. §841, and the new Declaratory Judgments Act, 42 Pa. C.S. §7540, define the term "parties" as "all persons . . . who have or claim any interest which would be affected by the declaration. . . ." Although there is no express language in either statutory provision demarcating "indispensable" and "necessary" party status in a declaratory judgment action, we have previously addressed the jurisdictional aspect of the Commonwealth's presence in a declaratory judgment proceeding in terms of indispensable party status. *See Township of Pleasant v. Erie Insurance Exchange*, 22 Pa. Commonwealth Ct. 307, 348 A.2d 477 (1975). Furthermore, as we stated in *County of Allegheny v. Department of Public Welfare*, 31 Pa. Commonwealth Ct. 379, 376 A.2d 290 (1977), there are instances in which equitable principles, in particular, the distinction between indispensable and

The law applicable to this case was enunciated in *Keitt v. Ross*, 17 Pa. Commonwealth Ct. 183, 331 A.2d 582 (1975). Therein, after examining Sections 401 and 402 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §§211.401, .403,[5] we recognized

> a legislative awareness that there may be litigation properly initiated in a court of common pleas in which, by third party proceedings, the Commonwealth, although not an indispensable party, may conceivably be joined, in which cases the jurisdiction of the court of common pleas should not be ousted simply because such third party procedure was invoked. In such cases, our jurisdiction is not found in Section 401 [now Section 761 of the Judicial Code], rather our role is that of appellate review under Section 402 [now Section 762 of the Judicial Code].
>
> With respect to actions or proceedings against the Commonwealth, we view Section 401 as conferring exclusive original jurisdiction in this Court where the Commonwealth is an original party defendant or is determined to be an indispensable party defendant.

*Id.* at 189, 331 A.2d at 584.

A party is "indispensable" where "his rights are so connected with the claims of the litigants that no order or decree can be made between the litigants without impairing such rights. Powell v. Shepard,

---

necessary parties, must be applied to proceedings which while technically not in equity, are "essentially equitable in nature." We are convinced that this declaratory judgment proceedings, given the nature of the relief sought, is one of those instances.

[5] Although these sections were repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1443], similar provisions concerning the jurisdiction of this Court are now found in Sections 761 and 762 of the Judicial Code, 42 Pa. C.S. §§761, 762.

[381 Pa. 405, 113 A.2d 261 (1955)]. . . .'' *County of Allegheny v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 379, 382, 376 A.2d 290, 292 (1977). Moreover, with specific regard to the Commonwealth, we have held that ''the Commonwealth should not be declared an indispensable party to an action, unless the action *cannot conceivably be concluded with meaningful relief* without the Commonwealth becoming *directly* involved.'' *Township of Pleasant v. Erie Insurance Exchange,* 22 Pa. Commonwealth Ct. 307, 310-11, 348 A.2d 477, 479 (1975). (Emphasis added.)

On the other hand, a ''necessary'' party is one ''whose presence, while not indispensable, is essential if the court is to completely resolve the controversy before it and render complete relief.'' *County of Allegheny v. Department of Public Welfare, supra* at 383, 376 A.2d at 292.

Applying the above definitions, the court below correctly concluded that DPW is a necessary, rather than an indispensable, party. Reference must be made in the first instance to the statutory provision cited by petitioners in their amended petition for declaratory judgment. Section 401 of the County Institution District Law, 62 P.S. §2301, provides, in relevant part:

> *The local authorities shall have the power, and it shall be their duty* with funds of the institution district or of the city, according to rules, regulations and standards established by the State Department of Public Welfare—
>
> (a) *To care for any dependent, having a settlement in the county or city,* who is not otherwise cared for. . . . (Emphasis added.)

The term ''local authorities'' is defined in Section 102 of the County Institution District Law, 62 P.S. §2202, to mean ''the county commissioners acting as officers of an institution district, or the department of public

welfare of any city of the first class." The term "dependent", also defined in Section 102, means "an indigent person requiring public care, including maintenance, medical care, clothing and incidentals because of physical or mental infirmity."

Simply stated, the position of appellant Institution District is that Congressional enactment in 1965 of Title XIX of the Social Security Act, 42 U.S.C. §1396 et seq. (the Medicaid program) and Pennsylvania's subsequent decision to opt into said program, have *"totally* superseded the Institution District's earlier [*i.e.*, pre-1965] duties under Section 401 of the [County Institution District Law]."

While we shall pass no judgment on this position since it is likely to be one of the issues to be decided on the merits by the lower court in ensuing proceedings in this case, we certainly agree with appellant that DPW's role in administering the Medicaid propram in Pennsylvania is considerable, ranging from eligibility certification through cost and reimbursement determinations. On its face, however, Section 401 of the County Institution District Law, which is the statutory focal point of appellee's petition for declaratory judgment, imposes no duty of providing *medical services* upon DPW. Our inquiry at this stage of the proceedings regarding indispensable party status is whether this action can conceivably be concluded with meaningful relief, that is, provision of care to those eligible, without the Commonwealth becoming *directly* involved. Our answer to that inquiry, given the language of Section 401, is affirmative: the medical services sought to be provided can conceivably be rendered without DPW directly providing those services. However, since DPW's presence, at least in the sense of administering the Medicaid program, is essential if the Court is to completely resolve

the controversy before it, we believe DPW is a necessary party.[6]

ORDER

Now, July 20, 1979, the motion to quash filed by appellees is hereby dismissed. The order of the Court of Common Pleas of Allegheny County is hereby affirmed.

---

[6] Appellees have also filed a motion to quash the instant appeal, which motion we dismiss. To the extent appellees assert that this appeal is interlocutory, we answer that this is an appeal of a jurisdictional question properly taken under Section 1 of the Act of March 5, 1925, P.L. 23, *as amended*, 12 P.S. §672. To the extent that appellees assert that the petition for review in the nature of a writ of prohibition previously filed by the Institution District in the Supreme Court of Pennsylvania, and denied by that Court, constitutes a decision that the lower court had jurisdiction over DPW, we answer that the Supreme Court's denial can only mean that (1) the Institution District failed to establish the inadequacy of its remedy on appeal to raise its jurisdictional challenge, and (2) the lower court's exercise of jurisdiction was not seen to be clearly erroneous. *See Troiani Brothers, Inc. v. Pennsylvania Public Utility Commission*, 36 Pa. Commonwealth Ct. 179, 183-85, 387 A.2d 980, 982-83 (1978). We cannot view the Supreme Court's denial of a writ of prohibition as an affirmative or final recognition by that Court of the propriety of the lower court's jurisdiction.