Council 13, American Federation of State, County and Municipal Employees, AFL-CIO, by its trustee ad litem, Gerald W. McEntee, Petitioner *v.* Commonwealth of Pennsylvania et al., Respondents.

Heard August 21, 1979, by Judge WILKINSON, JR.

*Richard Kirschner*, for petitioner.

*Lee Strickler*, Assistant Attorney General, and *Louis G. Cocheres*, Assistant Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., August 22, 1979:
The matter before the Court is a petition for review and motion for preliminary injunction. The petition was filed to enjoin the Commonwealth from laying off 28 employee safety specialists, approximately 4 field investigators, and 2 administrative assistants, all in the Department of Transportation, pending the disposition of a grievance filed by the petitioner on behalf of the individuals being laid off and the disposition of the charges of unfair labor practices filed with the Pennsylvania Labor Relations Board growing out of the layoffs.

It is hornbook law that the matter being before us on motion for a temporary injunction, the petitioner must show a clear right to the relief sought. Unfor-

tunately for petitioner's position this Court has very recently ruled on a matter that we consider to be on all fours and controlling in this case.

In *Burchfield v. Commonwealth of Pennsylvania, Department of Education*, 41 Pa. Commonwealth Ct. 121, 123-4, 399 A.2d 796, 797 (1979), this Court denied the relief sought here to an employee who had been discharged by the Department of Education. Judge BLATT stated:

> To enjoin the administrative action in every case of a dismissal, demotion or disciplinary action would not only contravene this policy but, by granting an injunction in a case such as this, we would be reading into the Collective Bargaining Agreement a provision requiring the maintenance of the status quo pending the resolution of the dispute. We are not prepared to impose such a burden on a party who has not contracted for it.

Able counsel for petitioner would have us distinguish the instant case from *Burchfield, supra,* on the basis that *Burchfield* apparently involved a disciplinary dismissal and the present facts are a far cry from that. Indeed, by exhibits filed, one of the individuals laid off was an exemplary employee. We do not see the reasons on which *Burchfield* was grounded admitting of such a distinction.

Accordingly, we will enter the following

ORDER

AND Now, August 22, 1979, upon consideration of the motion for preliminary injunction and after exhibits filed, briefs filed and oral argument, the motion for preliminary injunction is dismissed.