Ellen Bronstein, Individually and as Representative of a Class, Petitioner *v.* William J. Sheppard, Pennsylvania Insurance Commissioner, and Massachusetts Indemnity and Life Insurance Company, in its own right and as Representative of a Class, Respondents.

Argued November 14, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and ROGERS. Judges BLATT, DISALLE, CRAIG and MACPHAIL did not participate.

*Michael Brodie,* of *Pechner, Dorfman, Wolffe, Rounick & Cabot,* for petitioner.

*Hannah Leavitt,* Assistant Attorney General, with her *William H. Lowery, Kathryn D. Portner, John F. Smith, III, James R. Farley,* Assistant Attorneys General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, March 19, 1980:

Invoking our original jurisdiction pursuant to Section 761 of the Judicial Code (Code), 42 Pa. C.S. §761, Ellen Bronstein (petitioner), by petition for review characterized as one in the nature of a complaint in equity attacks the use by Massachusetts Indemnity and Life Insurance Company (Massachusetts) of sex as a basis for determining premiums for life insurance. Petitioner alleges that Massachusetts and the class of insurers which sell disability insurance in Pennsylvania have unlawfully[1] discriminated against

---

[1] Petitioner alleges violations of the "Equal Rights Amendment," Pa. Const. art. I, §28 and Section 5(a)(7) of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, 40 P.S. §1171.5(a)(7).

her and other female policyholders of disability insurance by charging higher insurance rates for females than for males, and on this basis requests declaratory and injunctive relief as well as an accounting and money damages through a class action suit. The petition for review purports to assert a plaintiff class action suit as well as a class action suit against all such insurers. In addition, petitioner claims that the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner) has acted unlawfully[2] by approving rate filings which provide for higher insurance premium payments for women than for men, and seeks declaratory and injunctive relief against the Commissioner.

Massachusetts and the Commissioner have each filed preliminary objections in the nature of a demurrer to petitioner's complaint, asserting that the petitioner has failed to exhaust the administrative remedies provided by law and is consequently precluded from invoking the equitable jurisdiction of this Court. In addition, Massachusetts has objected to petitioner's capacity to sue, and the Commissioner has moved to strike the class action because of failure to conform to the Pennsylvania Rules of Civil Procedure. The disposition of these preliminary objections is presently before the Court.

Initially, we must determine whether the petitioner has an adequate remedy at law, since we are precluded from exercising equity jurisdiction in order to grant injunctive relief[3] if an adequate remedy exists at law.

---

[2] In addition to the violations listed in note 1 *supra*, the petitioner alleges violations of Pa. Const. art. I, §26.

[3] Although declaratory relief as well as injunctive relief is sought, the nature of the declaratory relief sought, though technically not in equity, renders it " 'essentially equitable in nature.' " *Action Coalition of Elders v. Allegheny County Institution District*, 44 Pa. Commonwealth Ct. 356, 359-60 n. 4, 403 A.2d 1357, 1359 n. 4 (1979).

*Burchfield v. Department of Education,* 41 Pa. Commonwealth Ct. 121, 399 A.2d 796 (1979); *Flaharty v. School Directors of Eastern School District,* 17 Pa. Commonwealth Ct. 637, 334 A.2d 310 (1975). As Massachusetts and the Commissioner point out, several administrative remedies are available to the petitioner. *See* Section 5(b) of The Casualty and Surety Rate Regulatory Act (Act), Act of June 11, 1947, P.L. 538, 40 P.S. §1185(b); Section 8 of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, 40 P.S. §1171.8. Insofar as she alleges illegal conduct on the part of the Commissioner, the petitioner could make written application to the Commissioner for a hearing on her grievance pursuant to Section 5(b) of the Act. Even if this application were denied, said denial would be an appealable adjudication[4] under Section 702 of the Administrative Agency Law (Law), 2 Pa. C.S. §702, and thus judicial review would be available.

To permit petitioner to invoke the equity jurisdiction of this Court as to the cause of action asserted against the Commissioner where there exists an adequate remedy at law to test her action would be a clear circumvention of the salutary rule that one must first exhaust his administrative remedies.

We recognize that the Supreme Court has held that the exhaustion of remedies rule "is neither inflexible nor absolute." *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977). However, petitioner's assertions of the inadequacy of the administrative remedy are not directed to or relevant to the cause as-

---

[4] Under the rationale of *Pennsylvania Social Services Local 668 v. Pennsylvania Labor Relations Board,* 481 Pa. 81, 392 A.2d 256 (1978), since an "adjudication" is defined in 2 Pa. C.S. §101 as "[a]ny . . . determination . . . by an agency," and determination is defined in Pa. R.A.P. 102 as "[a]ction or inaction by a government unit which . . . is subject to judicial review," refusal by the Commissioner to grant a hearing would be an appealable adjudication.

serted against the Commissioner or the relief sought as against him but rather to the cause asserted against Massachusetts and the asserted class respondent insurance companies over which this Court has no jurisdiction absent jurisdiction over the Commissioner as a properly pleaded cause within our original jurisdiction. 42 Pa. C.S. §761.

Petitioner cannot bootstrap a cause of action over the Commissioner as within our original jurisdiction in equity by simply also naming in the same suit other respondents against which she asserts another cause or causes and other reliefs and thereby successfully claim the inadequacy of the administrative remedy as to the cause asserted against him.

We shall sustain the demurrer of the Commissioner as to the cause of action asserted against him because of the existence of an administrative remedy subject to judicial review and, by doing so, must necessarily conclude a want of jurisdiction over Massachusetts as to the cause asserted against it. Having found that a cause of action in equity against the Commissioner will not lie within our original jurisdiction, we need not and cannot reach the further issues raised by Massachusetts. The cause as asserted against Massachusetts shall be transferred to the appropriate court of common pleas pursuant to Section 5103(a) of the Code, 42 Pa. C.S. §5103(a) and Pa. R.C.P. No. 213(f).[5]

### ORDER

Now, March 19, 1980, the preliminary objections of the Insurance Commissioner of Pennsylvania in the nature of a demurrer are sustained and the cause of

---

[5] As the pleadings do not disclose an appropriate common pleas court of venue, 42 Pa. C.S. §931, nor can we ascertain such an appropriate court of venue from the briefs submitted, an Order of transfer will be entered upon the suggestion of venue filed by petitioner.

204

action as asserted against the Commissioner is dismissed. The balance of the cause of action shall be transferred to the appropriate court of common pleas.

The foregoing opinion and Order were prepared by President Judge Bowman prior to his death. They are hereby adopted as the opinion and Order of the Court.

Judge DiSalle did not participate in the decision in this case.

