## Engel v. Chester County

*William J. Scott, Jr.,* for plaintiffs.

*John S. Halsted* and *Paula D. Francisco,* for defendant.

*Howard Ulan, Assistant Attorney General,* for additional defendant.

WOOD, *J.,* March 25, 1981—We are called upon here to consider preliminary objections filed by de-

fendant Chester County to two complaints in equity filed by plaintiffs, and also the preliminary objections filed by the Commonwealth of Pennsylvania to a complaint by defendant joining the Commonwealth as an additional defendant. Plaintiffs had begun suit against Chester County only, alleging that they were the parents of mentally retarded children located within the County and asking an order directing the County to provide care for their children.[1]

There are essentially two issues before the court at this time: whether plaintiffs have exhausted their administrative remedies prior to bringing this suit and whether jurisdiction of a cause to which the Commonwealth is a party properly lies in this County.[2]

On the latter issue, the County agrees with the Commonwealth that jurisdiction lies in the Commonwealth Court, but argues that the matter should be transferred to that Court rather than be dismissed. Plaintiffs maintain that we have jurisdiction here.

To resolve the problem, we turn to section 761(a)(1) of the Judicial Code, 42 Pa.C.S.A. §761(a)(1), which confers upon the Common-

1. In regard to the Engel case, we note that the parents of the retarded child are and have been at all relevant times residents of New York. Neither party has raised the issue of whether or not the Engel child is a resident of Pennsylvania, but the parties may wish to address it as these proceedings progress. See McKenna v. McKenna, 282 Pa. Superior Ct. 45, 422 A. 2d 668 (1980).

2. The County had also demurred on the basis that plaintiffs had failed to join an indispensable party (the Commonwealth of Pennsylvania). We believe that the County's complaint joining the Commonwealth as an additional defendant effectively moots this objection.

wealth Court original and exclusive jurisdiction over actions against the Commonwealth, and to section 762, which provides that "[t]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . [a]ll civil actions or proceedings to which the Commonwealth or any officer thereof, acting in his official capacity . . . is a party. . . ." The Commonwealth Court has observed that this provision signifies "a legislative awareness that there may be litigation properly initiated in a court of common pleas in which, by third party proceedings, the Commonwealth, although not an indispensable party, may conceivably be joined, in which cases the jurisdiction of the court of common pleas should not be ousted simply because such third party procedure was involved." Keitt v. Ross, 17 Pa. Commonwealth Ct. 183, 189, 331 A. 2d 582 (1975). See Abramovich v. Pa. Liquor Control Board, 31 Pa. Commonwealth Ct. 373, 376 A. 2d 293 (1977).

The law appears to be well settled that if the Commonwealth is an "indispensable" party, we must transfer these proceedings to the Commonwealth Court: Action Coalition of Elders v. Allegheny County Institution District, 44 Pa. Commownwealth Ct. 356, 403 A. 2d 1357 (1979). A party is indispensable where his rights are so connected with the claims of the litigants that no order or decree can be made without impairing such rights: County of Allegheny v. Department of Public Welfare, 31 Pa. Commonwealth Ct. 379, 376 A. 2d 290 (1977). More specifically "the Commonwealth should not be declared an indispensable party to an action, unless the action cannot con-

ceivably be concluded with meaningful relief without the Commonwealth becoming directly involved." Township of Pleasant v. Erie Insurance Exchange, 22 Pa. Commonwealth Ct. 307, 310-311, 348 A. 2d 477 (1975).

However, the same result does not follow where the Commonwealth is only a "necessary" party. A necessary party is one "whose presence, while not indispensable, is essential if the Court is to completely resolve the controversy before it and render complete relief." Action Coalition of Elders, supra, at 361.

We agree with plaintiff that by this definition the Commonwealth is a necessary rather than an indispensable party. We note the language of Judge Hoffman in footnote 7 to the case of Interest of Green, 273 Pa. Superior Ct. 397, 404, fn. 7, 417 A. 2d 708 (1980).

"[A]ppellant argues that the lower court erred in ordering the County to pay for Jerry's interim placement in a private facility subject to the right to seek reimbursement from the state. The County asks us to hold that the Commonwealth is obligated to pay for the child's interim care. The Commonwealth is not, however, a party to this action, and appellant does not allege that it has sought and been denied reimbursement by the State. We therefore find this contention prematurely raised and do not resolve it on this appeal."

The point of the statement is that plaintiff could conceivably obtain meaningful relief without the Commonwealth becoming directly involved, since there is no reason to believe that the County will not be reimbursed by the Commonwealth for any ex-

penditure made to provide care for these plaintiffs. Our inquiry need go no further: Action Coalition of Elders, supra, 44 Pa. Commonwealth Ct. at 362, 403 A. 2d at 1361.

Next we turn our attention to the County's assertion that plaintiffs have failed to exhaust their administrative remedies under the Local Agency Law of April 28, 1978, P.L. 202, 2 Pa.C.S.A. §551 et seq. We do not at this point have sufficient information to make a determination on this question, however. Paragraph 8 of the complaint merely alleges that "the County of Chester has refused to fulfill its obligations . . ." to these plaintiffs. Thus, we are not told what stage we are at in the administrative proceeding under the Local Agency Law.[3]

## ORDER

And now, March 25, 1981, upon consideration of the pleadings and briefs, the County of Chester's preliminary objections are sustained with leave granted to plaintiffs to plead over in accordance with this opinion, within 30 days of this date.

Additional defendants' preliminary objections are overruled.

---

[3]. For example, we don't know if there has been a hearing with reasonable notice given and an opportunity to be heard pursuant to 2 Pa.C.S.A. §551. Further, we don't know if a written adjudication has been served upon the parties: 2 Pa.C.S.A. §551.