AMALGAMATED TRANSIT UNION, DI-
VISION 1384 and the Amalgamated
Council of Greyhound Divisions, AFL–
CIO, Plaintiffs-Appellees,

v.

GREYHOUND LINES, INC., a corpora-
tion, Defendant-Appellant.

No. 75–2776.

United States Court of Appeals,
Ninth Circuit.

April 1, 1977.

David M. Heilbron, McCutchen, Doyle, Brown & Emersen, San Francisco, Cal., argued, for defendant-appellant.

Peter D. Nussbaum, Joseph Freitas, Jr., Neyhart, Anderson & Freitas, San Francisco, Cal., argued, for plaintiffs-appellees.

Before HUFSTEDLER, KILKENNY and SNEED, Circuit Judges.

SNEED, Circuit Judge:

■ In our original opinion, *Amalgamated Transit Union, Division 1384 v. Greyhound Lines, Inc.*, 529 F.2d 1073 (9th Cir. 1976), we affirmed the issuance of a preliminary injunction under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, in favor of Amalgamated Transit Union, Division 1384, AFL–CIO and Amalgamated Council of Greyhound Divisions, AFL–CIO (Union). This injunction compelled the employer, Greyhound Lines, Inc. (Greyhound), to maintain the status quo pending arbitration of a dispute concerning Greyhound's right under the collective bargaining agreement to alter the status quo, *to wit,* the employees' work schedule.[1] The Supreme Court vacated our judgment and remanded the case to us "for further consideration in light of *Buffalo Forge Co. v. United Steelworkers of America*, 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976)." *Greyhound Lines, Inc. v. Amalgamated Transit Union, Division 1384*, 429 U.S. 807, 97 S.Ct. 43, 50 L.Ed.2d 68 (1976). Having considered the impact of *Buffalo Forge* on the case before us, we now reverse the judgment of the district court.

In *Buffalo Forge*, the Supreme Court held that a preliminary injunction cannot issue against a union participating in a sympathy strike despite a no-strike clause in the labor contract and the arbitrability of the question of whether the sympathy strike violates this no-strike clause. The exception to the anti-injunction provision[2] of the Norris-LaGuardia Act established in *Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970) did not apply because the dispute underlying the sympathy strike was not subject to the contract's settlement procedures. Under such circumstances the *quid pro quo* for the union's promise not to strike was absent. Being absent, the promise not to strike, properly construed, did not extend to the type of dispute in question. In the absence of a promise not to strike, a strike could not be enjoined.

■ The same reasoning applies to the facts of this case. An undertaking to preserve the status quo pending arbitration would be to Greyhound what an undertaking not to strike would be to a union. The promisee of each undertaking would obtain its benefits in exchange for a consideration furnished by it. In this case, however, the Union's promise to submit the dispute to arbitration and not to strike could not have been given in exchange for an express promise by Greyhound to preserve the status quo because no such promise was made.

Moreover, no basis exists for finding such a promise implied in fact. While a promise to submit a dispute to arbitration may justify a finding of an implied duty not to strike, *Gateway Coal Co. v. United Mine Workers*, 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974), such a promise does not imply a duty on the part of the employer to preserve the status quo pending arbitration. The source of this difference is that a strike pending arbitration generally will frustrate and interfere with the arbitral process

---

1. The arbitrator has ruled for Greyhound. This does not necessarily moot the case, because "the underlying dispute between the parties is 'one capable of repetition, yet evading review.' *Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911)". *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976); *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Williams v. Alioto,* 549 F.2d 136 (9th Cir. 1977).

2. 29 U.S.C. § 104.

while the employer's altering the status quo generally will not. The implication of a duty not to strike may be "essential to carry out promises to arbitrate and to implement the private arrangements for the administration of the contract." *Buffalo Forge Co. v. United Steelworkers of America, supra,* 428 U.S. at 411, 96 S.Ct. at 3149. Ordinarily there will exist no such necessity to imply a duty to preserve the status quo. In any event, it is clear that in this case the arbitration of the dispute will be unaffected by Greyhound's alteration of the status quo. Should Greyhound be wrong in its position in arbitration the situation can be restored substantially to the status quo *ante. Cf. Boys Markets, Inc. v. Retail Clerks Union,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 119 (1970).

There being neither an express nor implied in fact promise by Greyhound to preserve the status quo, the injunction to preserve it pending arbitration was improperly entered.

REVERSED.