In re OAHU CABINETS, LTD., a Hawaii Corporation, Debtor.

OAHU CABINETS, LTD., a Hawaii Corporation, Plaintiff,

v.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA LOCAL 745, AFL–CIO, Defendant.

Bankruptcy No. 81–0120.

United States Bankruptcy Court, D. Hawaii.

Oct. 5, 1981.

Barry W. Marr, Honolulu, Hawaii, for plaintiff.

Dennis W. S. Chang, Honolulu, Hawaii, for Local 745, defendant.

Miles Yasunaga, Honolulu, Hawaii, for Hawaii Carpenter Trust Fund.

## ORDER DENYING TEMPORARY RESTRAINING ORDER

JON J. CHINEN, Bankruptcy Judge.

On September 28, 1981, the Motion for Temporary Restraining Order filed by Oahu Cabinets, Ltd., hereafter "Plaintiff", came on for hearing. Present at the hearing were Barry W. Marr and Stephen Chung on behalf of the Plaintiff, Dennis W. S. Chang and Gordon Miwa on behalf of United Brotherhood of Carpenters and Joiners of America Local 745, AFL–CIO, hereafter "Local 745", and Miles N. Yasunaga on behalf of the Hawaii Carpenters' Trust Fund.

Based on the memoranda submitted and the arguments of counsel, the Court finds as follows:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1471 which is made applicable during the transition period by Section 405(b) of the Bankruptcy Reform Act of 1978.

■ Basically the Norris-La Guardia Act, 29 U.S.C. § 104, forbids courts from interfering in labor disputes. In *Boys Markets v. Retail Clerks Union*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1978), however, the United States Supreme Court stated that under certain circumstances where a labor-management contract calls for arbitration procedures, courts may enjoin a union from striking against the employer. In applying equitable principles to determine whether or not the court should grant injunctive relief in a labor-management dispute, the Ninth Circuit Court of Appeals in the case of *Amalgamated Transit Union, Division 1384 v. Greyhound Lines, Inc.*, 529 F.2d 1073 (9th Cir. 1976), *vacated on other grounds*, 429 U.S. 807, 97 S.Ct. 43, 50 L.Ed.2d 68 *on remand* 550 F.2d 1237, *cert. denied* 434 U.S. 837, 98 S.Ct. 127, 54 L.Ed.2d 99 (1977), stated that if the party seeking injunctive relief can show that "[t]he position he will espouse in arbitration is sufficiently sound to prevent the arbitration from being a futile endeavor", then the injunctive relief should be granted.

■ In the instant case, there is no dispute that there was a collective bargaining agreement between Oahu Cabinets, Ltd. and Local 745 at the time of confirmation of the plan. Article 33 Section B of that contract read as follows:

This agreement shall be deemed renewed from year to year thereafter unless either party serves written notice upon the other of its desire to terminate or to modify its provisions. The written notice must be served at least 60 calendar days prior to the last day of its original or any yearly extended term, but not more than 75 calendar days prior to the last day of its original or any yearly extended term.

This contract covered the period from August 1, 1978 to July 31, 1981. Pursuant to said Article 33 Local 745 sent Oahu Cabinets, Ltd. a letter on May 18, 1981, which read:

Gentlemen:

Pursuant to Article 33 of the Collective Bargaining Agreement currently in effect between your company and this Organization, and which expires July 31, 1981, you are, herewith, notified of our desire to modify and amend said Agreement.

Also, pursuant to said Agreement, we request that you meet with our repre-

sentative within ten (10) days' from the above date, so that we may begin to discuss certain amendments and modifications.

Please contact this office, immediately, so that arrangements can be made.

Oahu Cabinets, Ltd. contends that there is a question of whether this letter is sufficient under the agreement to cancel or terminate said agreement. Oahu Cabinets desires this question to be presented to an arbitrator.

In *Dillingham Corporation, dba Hawaiian Dredging and Construction v. Local 745*, 519 F.Supp. 734 (D. Hawaii 1981), a situation similar to the case at hand was decided by Judge Walter Heen. In said case there were two collective bargaining agreements automatically renewable from year to year after September 1, 1980, unless either party gave written notice of its desire to modify, amend or terminate. Both agreements also provided that written notice was to be rendered not less than 60 days and not more 90 calendar days prior to the expiration date and in the event that notice was given, negotiation for a new agreement would commence within 10 days after the notice is received by the other party.

In the *Dillingham Corporation* case, Local 745 sent a letter almost identical to the letter at hand to Dillingham Corporation dba Hawaiian Dredging and Construction, stating its desire to modify and amend the agreement.

Because there were two contracts in existence, the issue before the court was whether or not said letter covered one contract or two contracts and if one contract, then which contract—the DCLA agreement or the Drywall Agreement. Judge Heen ruled that by the weight of the evidence, the letter in question applied to both agreements, but that if it could be construed to apply to only one agreement, then it must apply only to the Drywall agreement since that was the only agreement between Dillingham and Local 745. Judge Heen then stated that, upon receipt of that letter, the company was obligated to contact the Defendant for the purpose of negotiating a new agreement. Since no new agreement was negotiated, the agreement was in fact terminated.

In the instant case, the letter sent by Local 745 to Oahu Cabinets, Ltd. conformed with the provision of Article 33. When Oahu Cabinets, Ltd. made no effort to negotiate a new contract, the contract then in existence was effectively terminated by the letter sent by Local 745.

█ It is true that Oahu Cabinets, Ltd. is under the protection of the Bankruptcy Court. Under the plan of reorganization, Oahu Cabinets, Ltd. had made the contract in question a part of the plan. Oahu Cabinets, Ltd. did not modify the contract, but adopted it as it was. In other words, Article 33 was a part of that contract which was incorporated into the plan of reorganization. Therefore, Article 33 is effective under the plan of arrangement and Local 745 has the power to terminate the contract as provided under the contract terms.

In *City of Anaheim v. Kleppe*, 590 F.2d 285 (9th Cir. 1978), written by Circuit Judge Herbert Choy, the court sets forth the standard that the movant must establish the substantial likelihood of prevailing on the merits in order to support preliminary relief.

In the instant case, based upon Judge Heen's ruling in 519 F.Supp. 734, that the letter effectively terminated the contract between the union and the company, this Court finds that it will be a futile gesture to refer the matter to an arbitrator. Plaintiff has failed to establish the likelihood that it will prevail on the merits. Thus, the Motion for Temporary Restraining Order is hereby denied.