858 F.2d 415
 129 L.R.R.M. (BNA) 2564, 109 Lab.Cas. P 10,732
 MISCELLANEOUS DRIVERS, HELPERS, HEALTH CARE AND PUBLIC
EMPLOYEES UNION LOCAL 610, affiliated with the International
Brotherhood of Teamsters, Chauffeurs, Warehousemen and
Helpers of America, Appellant,
v.
The KROGER CO., a corporation, Appellee.
 No. 87-2430.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 12, 1988.
Decided Oct. 3, 1988.
 
 Brian E. McGovern, St. Louis, Mo., for appellant.
 Thomas B. Weaver, St. Louis, Mo., for appellee.
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* Senior District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Miscellaneous Drivers, Helpers, Health Care and Public Employees Union Local 610 (the Union) appeals from the denial of its motion to recover a bond filed in support of an order restraining The Kroger Co. (Kroger). After dissolving the temporary restraining order (TRO), the district court denied the Union's motion and awarded damages to Kroger. We reverse and remand with instructions to return the bond to the Union.
 
 
 2
 Kroger operated a warehouse and a number of stores in metropolitan St. Louis, Missouri. The Union represented the truck drivers employed by Kroger. When Kroger informed the Union that it planned to close the St. Louis warehouse and stores, the Union sought to grieve the closings under the parties' collective bargaining agreement. In addition, the Union obtained a TRO restraining Kroger from closing the operations pending the outcome of the grievance proceedings.
 
 
 3
 After a grievance committee resolved the dispute in favor of Kroger, the district court dissolved the TRO. The Union then moved to recover the bond. Kroger resisted the Union's motion and requested damages for the costs of continuing the St. Louis operations during the TRO. The district court denied the Union's motion for recovery of the bond and awarded damages to Kroger in the amount of the bond.
 
 
 4
 Based on a careful review of the record, we conclude the parties' collective bargaining agreement covered the labor dispute over the St. Louis closing. We believe the Union's position was "sufficiently sound to prevent the [grievance proceedings] from being a futile endeavor." Amalgamated Transit Union, Div. 1384 v. Greyhound Lines, Inc., 529 F.2d 1073, 1078 (9th Cir.), vacated and remanded, 429 U.S. 807, 97 S.Ct. 43, 50 L.Ed.2d 68 (1976), rev'd on other grounds, 550 F.2d 1237 (9th Cir.), cert. denied, 434 U.S. 837, 98 S.Ct. 127, 54 L.Ed.2d 99 (1977) (Greyhound Lines, Inc.); see also, e.g., Nursing Home & Hosp. Union No. 434 v. Sky Vue Terrace, Inc., 759 F.2d 1094, 1098 n. 3 (3d Cir.1985). We also believe the district court correctly determined the closings would undermine the grievance proceedings. Thus, we are convinced the district court properly issued the TRO.
 
 
 5
 Turning to the Union's claim it was entitled to recover the bond, we find no basis for the district court's award of damages to Kroger. The district court was justified in issuing the TRO, and the Union's loss on the merits of the grieved dispute is irrelevant to the correctness of the initial TRO decision. See Lever Bros. Co. v. International Chem. Workers Union, Local 217, 554 F.2d 115, 120 (4th Cir.1976); Greyhound Lines, Inc., 529 F.2d at 1079.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation